**Clifton L. GOODRICH, Petitioner,**

v.

**DEPARTMENT OF THE NAVY,
Respondent.**

**Appeal No. 83–1363.**

United States Court of Appeals,
Federal Circuit.

May 9, 1984.

Charles A. Hobbie, Washington, D.C., argued, for petitioner. With him on the brief was Mark D. Roth, Washington, D.C.

M. Susan Burnett, Washington, D.C., argued, for respondent. With her on the brief were Richard K. Willard, Acting Asst. Atty. Gen. and David M. Cohen, Director, Washington, D.C.

Before FRIEDMAN, DAVIS and NIES, Circuit Judges.

FRIEDMAN, Circuit Judge.

This petition to review challenges the amount of an attorney's fee the Merit Systems Protection Board (Board) awarded. The attorney who represented the federal employee was employed by a union. He sought a fee based upon the market value of his services. The Board awarded a fee based upon the union's expenses in providing the services. We affirm.

I

This case grew out of the Department of the Navy's downgrading of petitioner's position. Following proceedings before the Board (which initially held it lacked jurisdiction) and the Court of Appeals for the Third Circuit (which vacated that jurisdictional ruling, *Goodrich v. Department of the Navy*, 686 F.2d 169 (1982)), the Board overturned the downgrading. The Board held that the downgrading was a reduction in force, which was invalid because the Navy had not followed the procedures necessary to take such action.

Following the Board's action, Mr. Hobbie (the petitioner's attorney) filed with the Board a motion for payment of attorney's fees, as 5 U.S.C. § 7701(g)(1) (1982) authorizes. Mr. Hobbie is a staff counsel with the union of which petitioner is a member. Mr. Hobbie is paid an annual salary by the union, and he did not charge the petitioner a fee for representing him. Mr. Hobbie sought compensation at $75 a hour, which he stated "represents the market hourly rate [in Washington, D.C.] for an attorney of his experience." The total fee he sought was $3,675.

In his motion, Mr. Hobbie stated that in response to the decision in *National Treasury Employees Union v. Department of the Treasury*, 656 F.2d 848 (D.C.Cir.1981) (supplemental opinion), which held that an attorney employed by a union could not receive legal fees in excess of the union's actual expenses in performing particular services, his union had

> established its Legal Representation Fund into which any attorney fees awarded AFGE [American Federation of Government Employees] attorneys are paid. These monies are under the sole control of the AFGE's General Counsel and are to be used solely for legal work. The fund is maintained as a discrete account and is totally separate and segregable from the union's general treasury.

The Board held that Mr. Hobbie satisfied the statutory requirements for the award of an attorney's fee. It calculated the fee on the basis of the number of allowable hours Mr. Hobbie had expended on the case, multiplied by Mr. Hobbie's hourly salary rate from the union. This came to $979.32, which the Board doubled to reflect the union's overhead costs. This resulted in a total fee of $1,958.64, which the Board ordered the Navy to pay to the union's Legal Representation Fund.

## II

A. Since neither party has questioned or discussed whether the petitioner was "adversely affected or aggrieved" by the Board order awarding the union a lower fee than it sought, we assume that the petitioner has standing to challenge the order under 5 U.S.C. § 7703(a)(1) (1982), as someone within one of those categories.

B. The governing statute, 5 U.S.C. § 7701(g)(1), authorizes the Board to "require payment by the agency involved of reasonable attorney fees incurred by an employee" if the statutory criteria are satisfied (the Board held they were satisfied). The Board has held that lawyer's fees are "incurred by an employee" if they are incurred in his behalf, even though he does not pay them. *O'Donnell v. Department of Interior*, 2 M.S.P.B. 604 (1980).

In determining reasonable attorney's fees under this provision, the Board ordinarily applies the principle that the fee should be based upon the lawyer's customary hourly rate multiplied by the number of hours expended, with any adjustments that are appropriate in light of special factors in the particular case. *Kling v. Department of Justice*, 2 M.S.P.B. 620, 624–28 (1980); *Powell v. Department of the Treasury*, 81 FMSR ¶ 7076 (1981). Where, however, the lawyer is an employee of a union, the Board applies a different standard. In that situation, it limits the fee to the amount the union has expended in providing the services, *i.e.*, the lawyer's salary plus the union's overhead expenses.

The Board took this position in reliance on the *Treasury Employees* case, *supra*. In its supplemental opinion in that case, the court held that an award of attorney's fees to a union that exceeded the union's expenses in providing legal services to a member would be improper because "the union would profit—perhaps handsomely—on the legal activities of those lawyers under any arrangement whereby market-value fees wend their way into the union's general treasury." The court explained that

> the settled expectation of the union employer and the employed attorneys that all fees recovered belong to the union means that the employing lay organization would capitalize on the attorney's services, reap a profit therefrom, and put the monies thus made to any use it chooses. In the absence of any compel-

ling reason to disregard the ethical considerations implicated—and we discern none here—we believe that an allowance of above-cost fees to the union is inappropriate.

*Id.* at 853, footnote omitted.

The Board applied this principle to the award of attorney's fees to a union under 5 U.S.C. § 7701(g)(1) in *Powell, supra.* It stated that the "reasoning and the ethical considerations which guided" the court in *Treasury Employees* "are persuasive and are equally applicable to an award of attorney fees under 5 U.S.C. § 7701(g)(1) to union-employed counsel where counsel is obligated by his or her employment agreement to turn the award over to the union employer."

The petitioner does not challenge this rule. He contends, however, that the union's establishment of its Legal Representation Fund, into which all attorney's fees awarded to staff attorneys are paid, warrants an award based upon the market value of the services the union's attorney rendered. He points to the statement in *Treasury Employees* that "perhaps" award of legal fees based on market value "would withstand criticism when the monies are directed into a fund for maintenance of a legal services program." 656 F.2d at 855, footnote omitted.

In rejecting this argument in the present case, the Board followed its recent decision in *Wells v. Schweiker,* 82 FMSR ¶ 7053 (1982), where it explained:

> Regardless of whether or not petitioner expects to expend the attorney fee awards solely for litigation-related purposes, the fact remains that the application of the market-value formula to the fee award here would allow petitioner to profit from the underlying activities of its attorneys in this matter. The extent of such a profit, as the Administrative Law Judge correctly recognized, would be commensurate with the extent to which such an award would relieve petitioner of the burden of financing its litigation activities through its general revenue funds. The well-established ethical

principles recognized in *NTEU* prohibit this result.

Mr. Hobbie stated in his motion for attorney's fees that "[t]he Legal Representation Fund does not contain enough money to pay for all of AFGE's legal work. General funds must also be used." The record contains nothing indicating how this fund actually functions. It does not show what portion of the fund is supplied by the union from its general funds and what portion by fees awarded to the union. At least to the extent the union uses its general funds to pay for the legal services it furnishes to its members, the vice the court of appeals in *Treasury Employees* and the Board in *Powell* found in the payment to the union of a fee based upon the market value of the attorney's services also would exist in such payment under the present fund arrangement. By reducing the amount of its general funds the union is required to use to provide legal services, the payment to the fund of legal fees that exceed the union's expenses of providing the services would result in the union's indirectly utilizing legal fees for its ordinary expenses.

The petitioner contends that the recent decision of the Supreme Court in *Blum v. Stenson,* —— U.S. ——, 104 S.Ct. 1541, 79 L.Ed.2d 891, decided March 21, 1984, supports his position. In that case the Court held that in determining attorney's fees under the Civil Rights Attorney's Fees Award Act of 1976, 42 U.S.C. § 1988 (Supp. V 1981), a non-profit legal service organization was entitled to a fee based upon prevailing market rates rather than its cost in providing the service.

The decision is inapposite because the entire fee in that case went to a nonprofit law office, The Legal Aid Society of New York. In the present case, however, part of the fee would inure to the benefit of a nonlegal organization, the union, and it was for that reason that the Board limited the union's fee to its expenses of rendering the service. Moreover, the suit in *Blum* was brought under a civil rights statute. A major reason for awarding attorney's fees in such cases is to encourage and facilitate the bringing of suit to protect and vindicate

those rights. *Cf. Newman v. Piggie Park Enterprises, Inc.,* 390 U.S. 400, 88 S.Ct. 964, 19 L.Ed.2d 1263 (1968). There is no comparable public policy to encourage the bringing of suit by federal employees challenging adverse personnel actions against them.

In the circumstances of this case, we cannot say that the Board committed legal error or abused its discretion in limiting the attorney's fee awarded to the expenses the union incurred in providing services. In so holding, we intimate no view on whether a different result might be appropriate if a legal representation fund fully supported the union's legal services program.

The order of the Board awarding the petitioner an attorney's fee of $1,958.64 is

AFFIRMED.