**Walter D. SABEY, et al., Plaintiffs,**

v.

**The UNITED STATES, Defendant.**

**No. 84–83C.**

United States Claims Court.

Aug. 8, 1984.

Patrick J. Riley, Washington, D.C., for plaintiff.

Michael T. Paul, Washington, D.C., with whom Richard K. Willard, Acting Asst. Atty.Gen., Washington, D.C., for defendant.

would allow Mil-Tech to obtain an unfair advan-

MEMORANDUM ORDER

MAYER, Judge.

In accordance with the conclusions and findings stated on the record at trial, it is ORDERED that judgment be entered for plaintiffs in the amounts here stipulated, and that they have their costs. *See* 29 U.S.C. § 216(b).

| | |
|---|---|
| Walter D. Sabey | $ 6,410.65 |
| Thomas L. Cameron | $ 5,688.37 |
| Thomas S. Casagrande | $ 6,044.68 |
| George W. Dunn | $ 4,051.52 |
| Claude Gilyard | $ 2,743.92 |
| Robert H. Leymann | $ 4,704.64 |
| John F. Morrissey | $ 6,414.34 |
| Michael O'Connor | $ 800.42 |

Plaintiffs having prevailed, 29 U.S.C. § 216(b) says the court "shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant ...." Award of fees is mandatory; the amount is entrusted to the discretion of the court. *See United Roofers Local 307 v. G & M Roofing and Sheet Metal Co.*, 732 F.2d 495, 501 (6th Cir.1984). In this case, the National Federation of Federal Employees, a union, represented plaintiffs at no cost to them, apparently as a benefit of membership. Plaintiffs urge award at the prevailing market hourly rate of $75; defendant proposes award at the hourly rate of the salary of counsel, an employee of the union, and an equal amount as overhead, the sum of which is $38.

Upon consideration of the arguments of the parties, the court concludes that an amount based on the hourly salary of plaintiffs' counsel, and an equal amount to cover overhead, is reasonable and appropriate. It is the policy of the Fair Labor Standards Act that prevailing employees not incur expenses in enforcing their rights under the Act. *See id.* at 502. The policy is honored by an award that adequately, but not overly, compensates the union for having undertaken their representation.

Contrary to plaintiffs' contention, this policy is unlike that of the Civil Rights tage over other bidders.

Attorney's Fees Awards Act of 1976, 42 U.S.C. § 1988. Rather than merely ensuring that employees recover back wages to which they are entitled without incurring out-of-pocket expenses, civil rights statutes are intended to actively encourage suits to vindicate fundamental rights. *See Goodrich v. Department of the Navy*, 733 F.2d 1578, 1580 (Fed.Cir.1984), *reh'g denied*, No. 83–1363 (July 12, 1984). Indeed, the Portal-to-Portal Act of 1947, Pub.L. No. 49, 61 Stat. 84, amending the Fair Labor Standards Act, circumscribed employees' rights the Supreme Court had expansively defined in cases such as *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 66 S.Ct. 1187, 90 L.Ed. 1515 (1946), and *Jewel Ridge Coal Corp. v. Local No. 6167, United Mine Workers*, 325 U.S. 161, 65 S.Ct. 1063, 89 L.Ed. 1534 (1945). Whatever considerations affect the determination of a fee award in civil rights litigation, they are not transferable to a decision under the Fair Labor Standards Act.

Similarly, the Equal Access to Justice Act, which authorizes an hourly rate of $75, 28 U.S.C. § 2412(d)(2)(A)(ii), is not a helpful analogue. There is a punitive element in that statute to discourage unjustified defense of suits against the government. As is clear from the court's oral opinion, though it lost this case, the government's position both before and during litigation was reasonable and bona fide. *Cf. Devine v. Sutermeister*, 733 F.2d 892, 894 (Fed.Cir.1984). If it had been otherwise, the Fair Labor Standards Act would permit assessment of additional liquidated damages against defendant. *See* 29 U.S.C. §§ 216(b), 260. But it does not call for enhancement of attorneys fees as a penalty.

The considerations attending attorneys fee determinations in Fair Labor Standards Act cases are more akin to those expressed in *Goodrich*. There, the court upheld an award of attorneys fees sufficient to reimburse a union its expenses incurred representing federal employees challenging adverse personnel actions. 733 F.2d at 1578; *see also id.* at 1580, distinguishing *Blum v. Stenson*, 465 U.S. ——, ——, 104 S.Ct.

1541, 1546, 79 L.Ed.2d 891 (1984). Reimbursement of the union for its expenses adequately and fairly serves all asserted interests. The union suffers no financial detriment for having represented plaintiffs; defendant is not assessed excessive and gratuitous attorneys fees; and the reimbursement of actual expenses will not discourage the union from undertaking future representation of these or similarly situated plaintiffs.

Plaintiffs say that in response to *National Treasury Employees Union v. U.S. Department of the Treasury*, 656 F.2d 848 (D.C.Cir.1981), the union established a separate fund solely to finance its litigation activities. Any fee award will be deposited in this fund and this justifies attorneys fees at the prevailing market rate. This argument is also answered by *Goodrich*. It held that any legal fees award to a union in excess of actual expenditures will reduce the amounts necessary for legal services from its general funds and thereby indirectly and impermissibly underwrite the union's ordinary expenses. 733 F.2d at 1580. That result would also obtain here if the court were to accede to plaintiffs' request for attorneys fees in excess of the union's expenses. Its litigation fund is insubstantial. The fund may have covered some of the costs, but it did not pay for the representation. As an employee, counsel was paid by the union from general funds. In these circumstances it is unnecessary to consider "whether a different result might be appropriate if a legal representation fund fully supported the union's legal services program." *Id.* at 1581.

Accordingly, it is FURTHER ORDERED that attorneys fees for 186 hours at the rate of $38 per hour, in the amount of $7,068, be awarded plaintiffs, payable to the National Federation of Federal Employees.