Roy JOHNSON, et al., Plaintiffs,

v.

Verna ORR, et al., Defendants.

Civ. No. 82–2578 (AET).

United States District Court,
D. New Jersey.

April 11, 1988.

---

Schlessinger, Schlosser, Foy & Harrington, Mt. Holly, N.J., for plaintiffs.

Martin R. Cohen, AFGE Staff Counsel, Philadelphia, Pa., for plaintiffs on appeal.

Bette E. Uhrmacher, Asst. U.S. Atty., Trenton, N.J., for defendants.

William W. Hart, Dist. Atty., Trenton, N.J., for McDaniels.

## MEMORANDUM AND ORDER

ANNE E. THOMPSON, District Judge.

This matter is before the court on an application by plaintiffs for attorney fees and costs pursuant to 5 U.S.C. 5596(b)(1)(A)(ii) and 28 U.S.C. § 2412. The court assigned this application to Magistrate John W. Devine who has issued a report and recommendation to the court in accordance with 28 U.S.C. 636(b)(1)(B). The magistrate recommended an award to plaintiffs of $7,468.01 in attorney fees and

$653.33 in costs incurred in prevailing on their claim under the Administrative Procedure Act, 5 U.S.C. § 701. Plaintiffs have filed objections to the Magistrate's award recommendation, in particular the method employed to calculate the amount of attorney fees to which they are entitled.

There was no dispute before the Magistrate that plaintiffs were entitled to attorney fees and costs since they prevailed on their claim under the Administrative Procedure Act. The principle issue was whether plaintiffs lawyers who were salaried employees of a union, the American Federation of Government Employees ("AFGE"), should be awarded a fee based upon the market rate for private attorneys, or whether the award should be limited to the actual salary paid by the union. In a well-reasoned analysis, the Magistrate adopted the reasoning of a line of cases from the Federal Circuit which have held that unions could only recover the actual expenses incurred by their legal department rather than the market rate for attorney fees received by private law firms. *See Devine v. National Treasury Employees Union*, 805 F.2d 384 (Fed.Cir.1986), *cert. denied* 484 U.S. 815, 108 S.Ct. 67, 98 L.Ed.2d 31 (1987); *Goodrich v. Department of the Navy*, 733 F.2d 1578 (Fed.Cir. 1984), *cert. denied* 469 U.S. 1189, 105 S.Ct. 958, 83 L.Ed.2d 965 (1985). The concern of the Federal Circuit, as further explored by Magistrate Devine, was that the ABA professional responsibility rules mandate that prepaid legal services plans be operated "not-for-profit," and that attorneys not split fees with lay organizations or enable them to engage in the unauthorized practice of law. *Devine, supra* at 387. *See also ABA Code of Professional Responsibility*, Disciplinary Rules 2–103(D)(4)(a), 3–102, 3–101(A); *ABA Model Rules of Professional Conduct*, Model Rules 5.4, 5.5. Permitting a union to recover attorney fees at the market rate in excess of its actual expenditures on legal services would violate these principles by allowing a windfall to inure to the benefit of a non-legal organization whose charter goes beyond providing legal services. *Devine, supra* at 389. In his discussion, Magistrate Devine recog-

nized that the Ninth Circuit reached a contrary result in *Curran v. Department of Treasury*, 805 F.2d 1406 (9th Cir.1986), relied upon by plaintiffs, where the court held that a market rate was appropriate where a union set up a completely separate union litigation fund.

This court concurs with Magistrate Devine on this issue, also finding the reasoning of the Federal Circuit to be persuasive. Compensating the union for its true attorney expenses rather than providing them with a windfall "profit" in the form of a higher market rate attorney fee strikes a proper balance between the attorney fee statutes and the aforementioned ethical obligations imposed upon the legal profession. Therefore, plaintiffs will be limited to the actual attorney expenses incurred by the union and cannot recover the prevailing market rate for attorney services.

A related issue contested by plaintiffs is whether this cost-based award must be limited to the salary paid to the attorneys by the union, or may also include reasonable overhead expenses. Plaintiffs argue that since the Federal Circuit in *Goodrich* approved the decision of the Merit System Protection Board to double the union attorney's salary award, 733 F.2d at 1579, the union here is also entitled to a doubling of the salary-based award recommended by the Magistrate. Magistrate Devine rejected the argument that as a matter of law the union is entitled to such an increase in their award. He further indicated that plaintiffs had failed to set forth any documentation concerning their actual overhead expenses in connection with this litigation.

The court agrees with the Magistrate that nothing in the decisions of the Federal Circuit indicate that the union must receive a 100% increment in the amount expended on attorney salaries in order to cover overhead expenses. In *Goodrich, supra*, the Court merely upheld the discretion of the Merit Board to double an attorney salary award of approximately $980 in that particular case to reflect normal overhead expenses. The *Goodrich* court in no way

stated that all salary figures must be doubled to reach the proper attorney fee; in fact, the court merely noted in passing without discussion, that the Merit Board had calculated overhead expenses in such a manner. Similarly, in *Devine*, the court did not mention at all whether the salary calculation should be doubled. It merely reaffirmed that a non-profit union is "entitled to recover only its costs of litigation—overhead expenses and the costs of its attorneys—before this court." 805 F.2d at 389. The court does agree with this reasoning that overhead expenses such as rent and utilities actually incurred in support of particular litigation could be recoverable by a union in addition to its actual salary outlay to its attorneys. Such a recovery would not provide the union with an improper windfall as would occur if they recovered the profit component of the market rate fee that a private law firm would receive. Allowing a recovery of actual salary plus actual overhead expended on particular litigation simply makes them whole and places them on a par with the private firm, less the profit component of the market fee. Accordingly, it would be improper to provide the union with some arbitrary increment to cover overhead, particularly the 100% figure the union seeks. Such a blanket rule would often result in the undesired windfall to the union. For example, in this case doubling the salary figure would result in an overhead expense payment of approximately $7,000, which probably far exceeds the actual expenditures of this multi-faceted, national union headquarters on overhead for these two attorneys on this one claim in this one matter. Moreover, since plaintiffs have never presented, either to Magistrate Devine or to this court, any estimate at all of such actual overhead expenses, which might very well be *de minims* at an event, the court will not increase the attorney fee calculated by the Magistrate which was based solely on attorney salary.

■ Plaintiffs also have objected to the determination by Magistrate Devine that only that portion of the total hours which the attorneys worked on the successful APA claim be recoverable. Where time expended or costs incurred related to the APA claim as well as the unsuccessful *Bivens* and/or the § 1983 claim, the Magistrate allowed only that fraction of the time, either ⅓, ½, or ⅔, which corresponded to the APA claim. In their brief list of objections filed with the court, plaintiffs do not indicate any specific calculation made by Magistrate Devine concerning any particular day with which they disagree. Instead, they merely state that all hours claimed were directly related to the APA claim. The court rejects this criticism. Plaintiffs were only entitled to recover attorney fees and costs incurred on their successful APA claim. The court finds that Magistrate Devine's allocation of hours and allowable costs among the three asserted claims to be proper and carefully conducted. Therefore, the court will adopt the hours and costs breakdown provided by the Magistrate.

■ Finally, plaintiffs' last objection is that all costs claimed are recoverable; however, they do not indicate with what part of the Magistrate's determination concerning costs they disagree. As Magistrate Devine explained, the *Equal Access to Justice Act*, 28 U.S.C. § 2412(a) allows for costs consistent with 28 U.S.C. § 1920. He also correctly indicated that the Supreme Court has held that only those costs explicitly set forth in § 1920 may be awarded by a court. *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 441, 107 S.Ct. 2494, 2498, 96 L.Ed.2d 385 (1987). Accordingly, Magistrate Devine properly limited the receivable costs to those set forth in the statute, including court stenographer fees and necessary photocopying. In addition, as discussed above, the Magistrate was correct to award only the allowable costs which could fairly be attributed to the successful APA claim.

Therefore, consistent with this opinion, the court will adopt the amounts of attorney fees and costs which the Magistrate recommends. It is on this 8th day of April 1988,

ORDERED that plaintiffs be and hereby are awarded a total of $7,468.01 for attor-

ney fees under 5 U.S.C. § 5596(b)(1)(A)(ii) and 5 U.S.C. § 7701(g) as follows:

1)—$6,354.21 for AFGE attorney Gay Snyder, and

2)—$720.04 for AFGE attorney Martin Cohen, and

3)—$393.76 for local counsel Thomas Foy;

it is further ORDERED that plaintiffs be awarded a total of $653.33 in costs pursuant to 28 U.S.C. § 2412(a) as follows:

1)—$621.51 for Ms. Snyder and Mr. Cohen, and

2)—$31.82 for Mr. Foy.