**Roy A. JOHNSON, et al., Plaintiffs,**

v.

**Verne ORR, et al., Defendants.**

**Civ. No. 82–2578 (AET).**

United States District Court,
D. New Jersey.

Jan. 5, 1989.

Schlessinger, Schlosser, Foy & Harrington, Mt. Holly, N.J., for plaintiffs.

Martin R. Cohen, AFGE Staff Counsel, Philadelphia, Pa., for plaintiffs on appeal.

Bette E. Uhrmacher, Asst. U.S. Atty., Trenton, N.J., for defendants.

William W. Hart, Dist. Atty., Office of Atty. Gen., Trenton, N.J., for McDaniels.

MEMORANDUM AND ORDER

ANNE E. THOMPSON, District Judge.

This matter is before the court on a motion filed by defendants to dismiss pur-

suant to FED.R.CIV.P. 12(b). Plaintiffs also have moved for reconsideration of this court's Order filed April 11, 1988, 739 F.Supp. 945. This action, now entering its seventh year on the court's docket, has been the source of extensive motion practice before this court and has already resulted in three appeals to the Court of Appeals for the Third Circuit. The allegations of the complaint currently remaining involve plaintiffs' assertion that their rights of freedom of speech and association and to engage in union activities were violated by defendants. Defendants assert that they are entitled to intra-military immunity since all parties were members of the New Jersey Air National Guard when the incidents at issue occurred. The court resolves both motions pursuant to FED.R. CIV.P. 78.

■ However, this court previously considered the issue of intra-military immunity and directly held that this doctrine would not bar this action since its essence is a routine non-military labor dispute. *See Opinion*, delivered July 20, 1987 and Order filed July 24, 1987. This court's decision was affirmed by the Court of Appeals. *Johnson v. Orr*, 845 F.2d 1012 (3d Cir. 1988). Defendants argue that recent developments in the area of intra-military immunity have revitalized the doctrine and require that the remaining aspects of the complaint be dismissed. In particular, defendants have cited two cases from the United States Supreme Court, *United States v. Johnson*, 481 U.S. 681, 107 S.Ct. 2063, 95 L.Ed.2d 648 (1987) and *United States v. Stanley*, 483 U.S. 669, 107 S.Ct. 3054, 97 L.Ed.2d 550 (1987) and one from the Ninth Circuit, *Stauber v. Cline*, 837 F.2d 395 (9th Cir.1988), *cert. denied*, 488 U.S. 817, 109 S.Ct. 55, 102 L.Ed.2d 33 (1988).

However, these cases were all available to the Third Circuit when it affirmed the denial of intra-military immunity on April 11, 1988 by Judgment–Order. Thus, were the court to now reconsider its prior decision of June 1987, it also, effectively, would be in the position of questioning the Third Circuit's affirmance. Such a result would run contrary to the proper division of responsibility between the district court and the appellate court. Therefore, this court will decline to reconsider its prior decision that intra-military immunity does not bar this action.

■ The court will turn next to plaintiffs' cross-motion for reconsideration of this court's decision of April 11, 1988. Plaintiffs sought an award of counsel fees and costs under 5 U.S.C. § 5596(b)(1)(A)(ii) and 28 U.S.C. § 2412 as a result of their having prevailed on their claim under the Administrative Procedure Act, 5 U.S.C. § 701. The application was referred to United States Magistrate John W. Devine who issued a report recommending a fee and cost award. Plaintiffs objected to the amounts specified and filed objections to the Report and Recommendation. After considering the submissions of the parties, this court adopted the dollar amounts recommended by the Magistrate and issued an Opinion and Order in April. Court records indicate that copies of the decision were sent to both sides in this action at that time. Now, in excess of eight months later, plaintiffs move to be "relieved" of this court's opinion. Except for a statement that this failure to file a timely motion for reconsideration was "totally inadvertent and/or involved excusable neglect," they provide no basis upon which the court would reconsider its decision. They also fail to provide any new substantive reason as to why the earlier decision was in error. Moreover, the court's own review of the decision indicates that no purpose would be served by additional argument on the prior fee application.

Therefore, for the reasons set forth above, it is on this 4th day of January 1989,

ORDERED that defendants' motion for dismissal of the remaining allegations on the basis of immunity be and hereby is denied; and it is further

ORDERED that plaintiffs' motion for relief from this court's Order filed April 11, 1988, fixing an award of attorney fees be and hereby is denied.