878 F.2d 1446
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Robert E. TALBOT, Petitioner,
v.
DEPARTMENT OF HEALTH AND HUMAN SERVICES, Respondent.
 No. 88-3237.
 United States Court of Appeals, Federal Circuit.
 May 26, 1989.
 
 Before EDWARD S. SMITH, NIES and ARCHER, Circuit Judges.
 NIES, Circuit Judge.
 
 DECISION
 
 1
 Robert E. Talbot, an Equal Opportunity Specialist (EOS) with the Department of Health and Human Services (HHS), was reduced in grade from GS-12, step 3 to GS-11, step 6, pursuant to 5 U.S.C. Sec. 4303 (1982), for unacceptable performance. Talbot's union grieved that demotion, invoking arbitration. The arbitrator found that the performance standards under which Talbot was demoted were unrealistic and unattainable and that HHS had failed to prove its allegations of unacceptable performance by substantial evidence. Nevertheless, the arbitrator ordered the agency to reevaluate Talbot's performance and denied Talbot's request for attorney fees. We affirm that part of the arbitrator's decision finding that the agency applied invalid performance standards and failed to prove its allegations by substantial evidence, vacate the portion of the decision ordering reevaluation, vacate the denial of attorney fees, and remand to the arbitrator for entry of an order canceling Talbot's demotion and for consideration of additional appropriate relief. Thus, we affirm-in-part, vacate-in-part, and remand.
 
 OPINION
 Merits of Adverse Action
 
 2
 The government contends that the arbitrator did not find the performance standards invalid; rather, per the government, the arbitrator faulted the agency for procedural error in that the agency unreasonably applied valid standards in evaluating Talbot's performance. Accordingly, the government asserts that Talbot had the burden to show the procedural error was harmful in order to overturn the agency's adverse action. See 5 U.S.C. Sec. 7701(c)(2)(A) (1982) (agency action not sustained if employee "shows harmful error in the application of the agency's procedures"). Because the arbitrator specifically declined to find harmful error, the government contends that Talbot failed to carry his burden.
 
 
 3
 The government's argument is meritless. The requirement in 5 U.S.C. Sec. 4302(b)(1) (1982) that performance standards, "to the maximum extent feasible, permit the accurate evaluation of job performance on the basis of objective criteria," guarantees employees a substantive, not a procedural right. See, e.g., Rogers v. Department of Defense Dependents Schools, 814 F.2d 1549, 1553 (Fed.Cir.1987); Weirauch v. Department of the Army, 782 F.2d 1560, 1563 (Fed.Cir.1986).
 
 
 4
 Chan, Talbot's supervisor, erred when he established unattainable timeframes, which became, in effect, the performance standards. Such error is substantive. Consequently, a harmful "procedural" error analysis is unwarranted.
 
 
 5
 The arbitrator expressly found that HHS failed to prove unacceptable performance by substantial evidence, as required by 5 U.S.C. Sec. 7701(c)(1)(A) (1982). According to the government, that finding should be disregarded because "the only interpretation of the arbitrator's decision that is consistent with the whole of his decision and the final result" would dictate that "the arbitrator incorrectly grafted the substantial evidence standard to the harmful error standard." We disagree. The arbitrator discussed "harmful error" in connection with the remedy,[1] not the merits.
 
 
 6
 The agency's decision to demote Talbot, either based on invalid performance standards, Martin v. F.A.A., 795 F.2d 995, 997 (Fed.Cir.1986); Wilson v. Department of Health & Human Servs., 770 F.2d 1048, 1054 (Fed.Cir.1985), or unsupported by substantial evidence, 5 U.S.C. Sec. 7701(c)(1)(A),[2] cannot be sustained. On the findings of the arbitrator, which we affirm, Talbot is entitled to reinstatement to his former position at grade GS-12, step 3.
 
 
 7
 We have considered the government's assertion that the appeal must be dismissed for lack of jurisdiction on the ground that the arbitrator's order is, in effect, a "remand" and, therefore, not a final, appealable order under 28 U.S.C. Sec. 1295(a)(9) (1982), citing Cabot Corporation v. United States, 788 F.2d 1539, 1542 (Fed.Cir.1986) ("an order remanding a matter to an administrative agency for further proceedings is not final"). Talbot disagrees that the arbitrator's order was a remand, arguing that the arbitrator merely erred by selecting reevaluation as a remedy and citing Firestone Tire & Rubber Co. v. Risjord, 449 U.S. 368, 373 (1981) (order is final when it "ends the litigation on the merits and leaves nothing for the court to do but execute judgment").
 
 
 8
 Although the arbitrator's decision is ambiguous, we agree with Talbot that the arbitrator disposed of the case before him in its entirety. He did not characterize his action as a "remand," and nothing the arbitrator wrote or did indicates that he expected the case to return to him. Moreover, a reevaluation of Talbot's performance on the basis of realistic timeframes would have to be prospective, not retroactive.[3] With respect to the agency's past action, the arbitrator's findings mandate that Talbot be reinstated. Accordingly, the case is remanded to the arbitrator with directions that the arbitrator cancel the agency's demotion and order the agency to reinstate Talbot to his former grade with appropriate back pay and benefits.
 
 Attorney Fees for Arbitration
 
 9
 The arbitrator refused to award Talbot attorney fees because Talbot did not have to pay the union lawyers. The government concedes that a refusal to award fees to a prevailing party on that basis is wrong as a matter of law. See, e.g., Goodrich v. Department of the Navy, 733 F.2d 1578, 1579 (Fed.Cir.1984), cert. denied, 469 U.S. 1189 (1985). Accordingly, we vacate the arbitrator's denial of attorney fees. On remand, Talbot is entitled, as a prevailing party, to have his request reconsidered under the "interest of justice" standard of 5 U.S.C. Sec. 7701(g)(1) (1982).
 
 Appellate Costs and Attorney Fees
 
 10
 In view of the complexity of this appeal, which was in large part caused by ambiguities in the arbitrator's opinion, we hold that the parties will bear their own costs and attorney fees of this appeal.
 
 
 11
 EDWARD S. SMITH, Circuit Judge, concurs in the result.
 
 
 
 [1]
 In fact, the arbitrator was unsure that the agency even used the performance standards to evaluate Talbot's performance, finding "little evidence" that the agency's decision to reduce Talbot in grade was actually based on those standards
 
 
 [2]
 This court must set aside, under 5 U.S.C. Sec. 7703(c) (1982), any agency action found to be not in accordance with law or unsupported by substantial evidence. Section 7703 provides the standard of judicial review whether we are reviewing the award of an arbitrator or a matter decided by the Merit Systems Protection Board. See 5 U.S.C. Sec. 7121(f) (1982)
 
 
 [3]
 Revised performance standards cannot be retroactively applied. To do so would run afoul of the requirement that "[t]he agency must communicate the critical elements and performance standards to the employee at or before the beginning of the appraisal period which forms the basis of the adverse action." Weirauch, 782 F.2d at 1563 (emphasis added) (quoting 5 U.S.C. Sec. 4302(b)(2) ("each performance appraisal system shall provide for-- ... at the beginning of each ... appraisal period, communicating to each employee the performance standards and the critical elements of the employee's position")). Moreover, the problem is not simply that the standards would not have been communicated in advance to Talbot. Talbot was also entitled to a meaningful Performance Improvement Plan. See 5 U.S.C. Sec. 4302(b)(5) (1982); Lovshin v. Department of the Navy, 767 F.2d 826, 834 (Fed.Cir.1985), cert. denied, 106 S.Ct. 1523 (1986). No retroactive plan for improvement during the 1985-86 appraisal period could possibly be devised or implemented at this time