Barbara MORRIS and Romie
Morris, Plaintiffs,

v.

SIEMENS COMPONENTS, INC.,
Microwave Semiconductor Corp.,
and John Doe, Defendants.

Civil Action No. 95–5242.

United States District Court,
D. New Jersey.

Sept. 20, 1996.

Linda D. Costabile, Law Office of A. Kenneth Weiner, East Brunswick, New Jersey, for Plaintiff, Barbara Morris.

Alan G. Lesnewich, David H. Ganz, Collier, Jacob & Mills, A Professional Corporation,

Somerset, New Jersey, for Defendant, Siemens MC, Inc., incorrectly identified in the Complaint as Microwave Semiconductor Corp.

ORLOFSKY, District Judge:

Plaintiff, Barbara Morris, has filed a motion for reargument of that portion of this Court's Order and Opinion, dated May 31, 1996,[1] granting Defendant's motion for summary judgment on Plaintiff's New Jersey Law Against Discrimination (NJLAD)[2] claims contained in the Third Count of her complaint.

Petitioner's motion is governed by Rule 12I of the General Rules of the United States District Court for the District of New Jersey ("General Rule 12I"). General Rule 12I, which is denominated "Motions for Reargument," provides that a party may, within ten days of entry of an order adverse to that party, move the Court for reargument, upon a showing that dispositive factual matters or controlling decisions of law were overlooked by the court in reaching its prior order.

 The word "overlooked" is the operative term in the rule. *See* Allyn Z. Lite, *New Jersey Federal Practice Rules* (1996 Edition), cmt. to Rule 12, at 81. A party's mere disagreement with a decision of the district court should be raised in the ordinary appellate process and is inappropriate on a motion for reargument. *Bermingham v. Sony Corp.*, 820 F.Supp. 834, 859 n. 8 (D.N.J. 1992), *aff'd*, 37 F.3d 1485 (3d Cir.1994); *Florham Park Chevron v. Chevron, U.S.A.*, 680 F.Supp. 159, 162 (D.N.J.1988). Only if the matters which were overlooked, if considered by the Court, might reasonably have resulted in a different conclusion, will the Court entertain such a motion. *Panna v. Firstrust Savings Bank*, 760 F.Supp. 432, 435 (D.N.J. 1991).

 A motion under General Rule 12I "is an extremely limited procedural vehicle" and may not be used to expand the record on reargument. *Resorts Int'l v. Greate Bay Hotel and Casino*, 830 F.Supp. 826, 831 (D.N.J.1992). Moreover, relief under the rule is granted "very sparingly." *Maldonado v. Lucca*, 636 F.Supp. 621, 630 (D.N.J. 1986). In fact, a motion for reargument may be denied solely on the basis of its untimeliness. *See* Allyn Z. Lite, *New Jersey Federal Practice Rules* (1996 Edition), cmt. to Rule 12, at 78 (citing *Resorts International v. Greate Bay Hotel & Casino*, 1992 WL 64518, 1992 U.S.Dist. LEXIS 3663 (D.N.J. March 25, 1992)); *see also Johnson v. Orr*, 739 F.Supp. 949 (D.N.J.1989).

Plaintiff filed her motion for reargument on August 13, 1996, almost *three months* after this Court entered its Order granting summary judgment in favor of Defendant on May 31, 1996. Moreover, Plaintiff has failed to provide the Court with any explanation regarding why she failed to file her motion for reargument, or request an extension of time to file such a motion from the Court within the *ten day* window prescribed by Rule 12I. Indeed, the cases relied upon by Plaintiff in her motion for reargument were readily available to her at the time she opposed the Defendant's motion for summary judgment, yet she neglected to cite them.[3]

 Accordingly, since the Plaintiff has neither filed her motion for reargument within the ten day window prescribed by Rule 12I, nor has she provided this Court with any explanation for her failure to file in a timely fashion, this Court will deny Plaintiff's untimely motion for reargument.

This Court's decision to deny Plaintiff's motion would be no different even if she had filed her motion in a timely fashion. In her letter memorandum in support of her motion for reargument, Plaintiff questions the propriety of this Court's employment of the doctrine of judicial estoppel to dismiss her NJLAD claims against the Defendant contained in the Third Count of her complaint. In support of her contention, Plaintiff cites

---

1. *Morris v. Siemens Components, Inc.*, 928 F.Supp. 486 (D.N.J.1996).

2. N.J.S.A. §§ 10:5–1 *et seq.*

3. The most recent case cited by the Plaintiff in her letter memorandum in support of her motion for reargument is dated July 5, 1995. *See Hingorani v. Schering Corporation*, A–5026–92T3 (App. Div. July 5, 1995).

an unreported decision of the Appellate Division of the Superior Court of New Jersey, *Hingorani v. Schering Corporation*, (A–5026–92T3, July 5, 1995), where the court did not apply the doctrine of judicial estoppel to bar a plaintiff from claiming that he was capable of performing his job.

■ Not only has Plaintiff failed to explain why she failed to cite this opinion in her brief in opposition to Defendant's motion for summary judgment, the opinion is clearly distinguishable on its facts.[4] Moreover, unpublished state court opinions have no precedential value in this Court and are not controlling or binding in any way in the New Jersey State Courts as well. *See* New Jersey Court Rule 1:36–3.[5]

■ Even if the Appellate Division's decision in *Hingorani* were factually similar to the present case and binding upon this Court, Plaintiff's motion for reargument would nonetheless prove unsuccessful. In order to establish a valid NJLAD claim, a plaintiff must establish, *inter alia*, that the plaintiff's handicap did not unreasonably hinder his or her job performance. *See Jansen v. Food Circus Supermarkets, Inc.*, 110 N.J. 363, 383, 541 A.2d 682 (1988). In its May 31, 1996, Opinion, this Court held that the doctrine of judicial estoppel barred the Plaintiff from presenting any evidence to support this element of her NJLAD claim. *See Morris v. Siemens Components, Inc.*, 928 F.Supp. 486, 497 (D.N.J.1996). However, in the May 31, 1996, Opinion, this Court also found that, even if the doctrine of judicial estoppel did not apply and the Plaintiff were not barred from presenting such evidence, the Plaintiff would nonetheless still be unable to defeat the Defendant's motion for summary judgment on her NJLAD claim. Specifically, this Court stated that "[a]lthough this Court holds that Plaintiff is now judicially estopped from presenting evidence that she was capable of performing her job at the time she was

discharged, Plaintiff has not even alleged that she was capable, nor sought to include any such evidence of her capabilities in the summary judgment record." *Id.* at 497 n. 10.

■ For the foregoing reasons, it is clear that because the Plaintiff has failed to provide the Court with any controlling decisions of law which might reasonably have caused this Court to deny Defendant summary judgment on Plaintiff's NJLAD claim, this Court nonetheless would have denied Plaintiff's motion for reargument even if it had been timely filed.

This Court will enter an appropriate order.

## ORDER

This matter having come before the Court on the motion of Plaintiff, Barbara Morris, for reargument, pursuant to Rule 12I of the General Rules of the United States District Court for the District of New Jersey, of this Court's grant of summary judgment on Plaintiff's complaint, Linda D. Costabile, Esq., of the Law Office of A. Kenneth Weiner, Esq., appearing on behalf of Plaintiff, and Alan G. Lesnewich, Esq., and David H. Ganz, Esq., of Collier, Jacob & Mills, P.C., appearing on behalf of Defendant, Siemens MC, Inc., incorrectly identified in the caption of the complaint as Microwave Semiconductor Corp.; and,

The Court having considered the written submissions of the parties in support of, an in opposition to Plaintiff's motion; and,

For the reasons set forth in the Court's Opinion filed concurrently with this Order;

IT IS HEREBY ORDERED on this 20th day of September, 1996, that Plaintiff's motion for reargument is denied.

---

4. At issue in *Hingorani* was whether a plaintiff is judicially estopped from claiming that he is capable of performing his job, when his earlier application for disability benefits was *rejected* by the Social Security Administration. In fact, the *Hingorani* Court specifically states that "it is clear that a 'successfully maintained' position in a prior proceeding will invoke judicial estoppel to

bar a contradictory position in a subsequent judicial proceeding." *Id.* at 13.

5. Rule 1:36–3 provides in relevant part that "[n]o unpublished opinion shall constitute precedent or be binding upon any court."