William C. TURNER, et al., Plaintiffs,

National Association for the Advancement of Colored People (NAACP), Plaintiff–Appellee,

Section IX and X Objectors to Consent Judgment, Plaintiff–Appellee,

Thomas I. Atkins, Movant–Appellant,

v.

SECRETARY OF the AIR FORCE, et al., Defendants.

No. 89–3852.

United States Court of Appeals, Eleventh Circuit.

Oct. 9, 1991.

Thomas I. Atkins, pro se.

Joyce H. Knox, Judith G. Eagle, Everald Thompson, Baltimore, Md., for N.A.A.C.P.

Julian A. Harris, Jr., Law Office of Julian A. Harris, Jr., Pensacola, Fla., for amicus curiae: Section IX & X Objectors.

Lori M. Beranek, Michael Jay Singer, Civ. Div., Appellate Staff, Dept. of Justice, Washington, D.C., for amicus curiae: Secretary of Air Force.

Before FAY and COX, Circuit Judges, and MORGAN, Senior Circuit Judge.

FAY, Circuit Judge:

Attorney Thomas I. Atkins challenges the attorneys' fees award in this Title VII case. He argues that the district court improperly modified the award under Federal Rule of Civil Procedure 60 to grant fees to the NAACP, and that the district court erred when it awarded attorneys' fees to Atkins at a lower hourly rate than he requested. For the reasons that follow, we AFFIRM.

## BACKGROUND

In 1976, plaintiffs filed a class action suit under Title VII, 42 U.S.C. § 2000e et seq.,

alleging a pattern and practice of racial discrimination at Eglin Air Force Base, Florida. Thomas Atkins participated in this litigation as General Counsel to the National NAACP and the NAACP Special Contribution Fund from May 1980 to July 1984. After leaving the employ of the NAACP, however, Atkins continued to act as plaintiffs' counsel in this matter along with several local attorneys. In 1981, the parties entered into a consent judgment, which was modified in 1985. Plaintiffs subsequently filed motions for attorneys' fees under 42 U.S.C. § 2000e–5(k) as prevailing parties.

On September 26, 1986, the Special Master submitted a report recommending that the United States pay $68,666.25 to "Plaintiffs" for the services of attorney Atkins. This figure was based on an hourly rate of $125. On November 20, 1986, the district court approved and adopted this report, but awarded the fees directly to plaintiffs' attorneys, including Atkins, rather than to the plaintiffs themselves. These fees were paid by the United States in January 1987. Then on February 19, 1987, Atkins' former employer, the NAACP, petitioned to have the judgment reconsidered pursuant to Federal Rule of Civil Procedure 60. The district court granted the motion, ordered Atkins to return the awarded fees to the United States, and referred the case to the Special Master.[1] On September 17, 1989, the Special Master issued a second report, recommending that the same amount of attorney fees be awarded for Atkins' services, but that $21,156.25 of those fees should be awarded directly to the NAACP for the services of Atkins while he was a salaried employee of that organization. The Special Master also issued a separate recommendation that Atkins be awarded $24,462.50 for services rendered to class member Linda Miller from March 1982 to January 1983, also based on an hourly rate of $125. The district court adopted this report and recommendation. Atkins then filed this appeal.

**1.** Atkins attempted to appeal this order. This court held that this order referring the case back to the Special Master was not a final ap-

## DISCUSSION

On appeal, Atkins raises three issues: (1) whether the district court properly reopened this case and vacated its judgment pursuant to Rule 60; (2) whether the award of attorneys' fees to the NAACP violated the ethical rules against attorneys splitting fees with non-attorneys; and (3) whether Atkins is entitled to an hourly rate of $200, because that is his normal billing rate for similar work. We will discuss each issue in turn.

### Federal Rule of Civil Procedure 60

■ The NAACP cited Rule 60 as the basis for its petition for reconsideration. Rule 60(b) provides that a party may obtain relief from a judgment or order in the following circumstances:

**(b) Mistakes; Inadvertence; Excusable Neglect; Newly Discovered Evidence; Fraud, etc.** On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment, order, or proceeding was entered or taken....

pealable order and dismissed the appeal. *Turner v. Orr,* No. 87–3553 (11th Cir. Oct. 6, 1987).

Fed.R.Civ.P. 60(b). Atkins argues that none of the provisions of Rule 60 apply to this case, and therefore it cannot provide the basis for the district court's action in reopening the case to revise the attorney's fees award. We disagree.

Motions made under Rule 60(b) are within the sound discretion of the trial court. *Jackson v. People's Republic of China,* 794 F.2d 1490, 1494 (11th Cir.1986), *cert. denied,* 480 U.S. 917, 107 S.Ct. 1371, 94 L.Ed.2d 687 (1987). "The rule is equitable in origin, and the court may take action appropriate to accomplish justice." *Id.* In this case, the Special Master recommended that the *plaintiffs* be awarded attorneys' fees as prevailing parties. The district court adopted the report and recommendation, but awarded the fees directly to plaintiffs' attorneys. In granting the Petition for Reconsideration filed by the NAACP, the district court stated: "The court is convinced it erred *in overlooking* the distinction between the recommendation that fees be paid to prevailing parties, filed by the Special Master, and the order and judgment it entered in November, 1986." (R1:4570–2) (emphasis added). The court appears to have found that it made an inadvertent mistake in the attorneys' fees award. Therefore, this case clearly comes within the ambit of Rule 60(b)(1): "mistake, inadvertence, surprise or excusable neglect." *See also Parks v. U.S. Life & Credit Corp.,* 677 F.2d 838, 839 (11th Cir. 1982) ("The 'mistakes' of judges may be remedied under this provision.").

■ Atkins also argues that the motion should have been denied as untimely. The original order of the district court awarding attorneys' fees was entered on November 20, 1986. The NAACP motion was filed on February 19, 1987, three months later. We cannot say that this was so late as to be untimely. *See Ritter v. Smith,* 811 F.2d 1398 (11th Cir.) (Motion pursuant to Rule 60 filed 4 months after judgment was prompt), *cert. denied,* 483 U.S. 1010, 107 S.Ct. 3242, 97 L.Ed.2d 747 (1987). The

rule itself states that motions under Rule 60(b)(1) must be made within a year of the order entered. Fed.R.Civ.P. 60(b). Moreover, although the motion in this case was made after the time had passed to file an appeal from the order, this circuit has not required that such motions be made within that time frame. *Parks,* 677 F.2d at 840. We find no abuse of discretion by the district court in reopening and revising the judgment pursuant to Rule 60.

### *Fee Award to NAACP*

■ Atkins' primary objection is the award of attorneys' fees to the NAACP for his services while he was employed as General Counsel. Atkins argues that this violates the ethical prohibition on attorneys splitting fees with non-attorneys. We disagree.

42 U.S.C. § 2000e–5(k) provides:

In any action or proceeding under this subchapter the court, in its discretion, may allow *the prevailing party,* other than the Commission or the United States, a reasonable attorney's fee as part of the costs, and the Commission and the United States shall be liable for costs the same as a private person.

(Emphasis added.) The plain language of the statute specifically authorizes the award of attorneys' fees to a "prevailing party." For this reason, this court has stated that "the application [for attorneys' fees] be made by the attorney in the name of his client, the prevailing party. We consider this to be the procedure of choice, since it ensures that awards made under the Act compensate their intended beneficiaries." *Jonas v. Stack,* 758 F.2d 567, 570 n. 7 (11th Cir.1985).[2] It is the parties themselves, *not* their attorneys, who are "the intended beneficiaries." Indeed, attorneys' fees statutes were "not passed for the benefit of attorneys but to enable litigants to obtain competent counsel worthy of a contest with the caliber of counsel available to their opposition and to fairly place the eco-

---

**2.** Although this case deals with 42 U.S.C. § 1988, the analysis is the same. *Cofield v. City of Atlanta,* 648 F.2d 986, 987 n. 3 (5th Cir. Unit B 1981). Decisions of the former Fifth Circuit,

Unit B, are binding precedent in this circuit. *Stein v. Reynolds Sec., Inc.,* 667 F.2d 33, 34 (11th Cir.1982).

nomical burden of [civil rights] litigation." *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 719 (5th Cir.1974).[3] Therefore, it is clear that the award of attorneys' fees belongs to the prevailing party, not to the attorney representing the party.[4] *See also Evans v. Jeff D.*, 475 U.S. 717, 730–32, 106 S.Ct. 1531, 1539–40, 89 L.Ed.2d 747 (1986); *United States v. McPeck*, 910 F.2d 509, 513 (8th Cir.1990).

In this case, the Special Master and the district court found that the NAACP was a prevailing party. From May 1, 1980 to July 1, 1984, Atkins was General Counsel for the NAACP. He received a salary for his work on this case during that time. Atkins argues that not only is he entitled to the salary paid him as General Counsel, but also to an award of attorneys' fees for that same work. We agree with the Special Master that "such a windfall would be patently inequitable and ... in violation of public policy." (R3:4663–8)

We are unpersuaded by Atkins' argument that the fee award in this case violates the ethical prohibition on fee-splitting, *see Model Rules of Professional Conduct*, Rule 5.4(a) (1987),[5] because the NAACP is not a law firm. Atkins himself is not splitting his fees with non-attorneys—the court is awarding fees to the prevailing parties as authorized by federal statute. The district court did not err in awarding attorneys' fees to the NAACP.

### Hourly Rate

■ Lastly, Atkins contends that the Special Master and district court erred by using an hourly rate of $125 in the calculation of attorneys' fees for his services.

Atkins argues that as $200 per hour is the fee he customarily charges, and has received in other similar cases, he is entitled to receive that in this case.

■ The starting point for determining attorney's fees is to multiply hours reasonably expended by a reasonable hourly rate to arrive at a lodestar figure. *Hensley v. Eckerhart*, 461 U.S. 424, 434, 103 S.Ct. 1933, 1939, 76 L.Ed.2d 40 (1983); *Norman v. Housing Authority*, 836 F.2d 1292 (11th Cir.1988). "The hourly rate must be determined with reference to prevailing market rates in the relevant community for 'lawyers of reasonably comparable skill experience, and reputation.'" *Davis v. Locke*, 936 F.2d 1208 (11th Cir.1991) (quoting *Blum v. Stenson*, 465 U.S. 886, 895–96 n. 11, 104 S.Ct. 1541, 1547, 79 L.Ed.2d 891 (1984)). The prevailing party bears the burden of justifying the rate requested. *Id.* at 1215; *Norman*, 836 F.2d at 1299. Although an attorneys' fees award is reviewed for abuse of discretion, the determination of what constitutes a reasonable hourly rate is a finding of fact subsidiary to the total award and is therefore reviewed under the clearly erroneous standard. *Martin v. University of South Ala.*, 911 F.2d 604, 609 (11th Cir.1990) (citing *Islamic Center of Miss., Inc. v. City of Starkville*, 876 F.2d 465, 468 (5th Cir. 1989)).

In this case, Atkins requested $200 per hour, but the defendant, the Secretary of the Air Force, contended that $75 per hour would be appropriate. The Special Master made a lengthy and detailed report and

---

**3.** Decisions of the former Fifth Circuit handed down before October 1, 1981 are binding precedent in this circuit. *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir.1981) (en banc).

**4.** This does not mean that fees may *never* be distributed directly to the attorney for the prevailing party. In some circumstances, any other method of disbursing attorneys' fees would be impractical. No such circumstances exist in this case with respect to the fees awarded for the services of Atkins while General Counsel for the NAACP, a named plaintiff in this case.

**5.** This rule provides:
(a) A lawyer or law firm shall not share legal fees with a nonlawyer, except that:

(1) an agreement by a lawyer with the lawyer's firm, partner, or associate may provide for the payment of money, over a reasonable period of time after the lawyer's death, to the lawyer's estate or to one or more specified persons;
(2) a lawyer who undertakes to complete unfinished legal business of a deceased lawyer may pay to the estate of the deceased lawyer that proportion of the total compensation which fairly represents the services rendered by the deceased lawyer; and,
(3) a lawyer or law firm may include nonlawyer employees in a compensation or retirement plan, even though the plan is based in whole or in part on a profit-sharing arrangement.

recommendation on attorneys' fees, which was adopted by the district court. In the discussion of what hourly rate should be applied to Atkins, the Special Master considered Atkins' "work product, preparation, and general ability." The Special Master also took into account that Atkins had received $200 per hour in two other cases "with the relevant market being the national market." However, the Special Master concluded that "the customary fee in the locality should be considered, as Mr. Atkins brought forward no persuasive evidence that Plaintiffs were unable to retain local counsel, and, therefore, a national market rate is not appropriate." (Citation omitted.) The Special Master therefore found that Atkins failed to meet his burden of proving that the $200 hourly rate he requested was appropriate in this case. Even if Atkins would normally have charged a higher rate, we cannot say that the finding that $125 an hour is a reasonable rate for his work in this case is clearly erroneous. *See Mayson v. Pierce*, 806 F.2d 1556, 1557–58 (11th Cir.1987) (in light of record, $75 an hour was reasonable even though attorney normally charged more).

## CONCLUSION

For the foregoing reasons, we AFFIRM the district court's order awarding attorneys' fees.