**Jesse L. HARPER, Plaintiff–Appellant,**

v.

**BETTER BUSINESS SERVICES, INC., Defendant–Appellee.**

**Nos. 91–8594, 91–8733.**

United States Court of Appeals, Eleventh Circuit.

June 5, 1992.

---

Susan M. Hartwig, Carol L. Wilkerson, Kathleen Lillis, UAW Legal Services Plan, Atlanta, Ga., O. Randolph Bragg, UAW Legal Service Plan, Newark, Del., for plaintiff-appellant.

G. Michael Smith, Dean, Setliff & Smith, Atlanta, Ga., for defendant-appellee.

Before TJOFLAT, Chief Judge, BIRCH, Circuit Judge, and RONEY, Senior Circuit Judge.

BIRCH, Circuit Judge:

Plaintiff-appellant Jesse L. Harper appeals the trial court's determination of damages and award of attorney's fees. We find that the district court committed no error and accordingly AFFIRM.

## I. BACKGROUND

Harper sued defendant Better Business Services, Inc. ("BBS"), a debt collection agency, for violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692–1692*o* (1988) ("FDCPA"). After obtaining a default judgment against BBS, Harper's case proceeded to a determination of damages. The trial court found that the evidence supported a finding that BBS committed seven violations of the FDCPA, including misrepresenting the character and nature of Harper's alleged debts, improperly threatening to garnish Harper's wages and levy on Harper's property, mischaracterizing its ability to seize Harper's assets, and communicating directly with Harper despite knowing that Harper was represented by counsel. *See Harper v. Better Business Services, Inc.*, 768 F.Supp. 817, 819–20 (N.D.Ga.1991).

In determining damages, the court utilized the relevant language from the FDCPA. Section 1692k of the FDCPA provides:

Amount of damages

(a) Except as otherwise provided by this section, any debt collector who fails to comply with any provision of this subchapter with respect to any person is liable to such person in an amount equal to the sum of—

(1) any actual damage sustained by such person as a result of such failure;

(2)(A) in the case of any action by an individual, such additional damages as the court may allow, but not exceeding $1,000; and

. . . .

(3) in the case of any successful action to enforce the foregoing liability, the costs of the action, together with a reasonable attorney's fee as determined by the court.

15 U.S.C. § 1692k(a) (1988). The court first found that Harper was not entitled to any actual damages because Harper had offered no proof of actual damages. *Harper,* 768 F.Supp. at 818. Next, the court found that the extent and nature of BBS's violations warranted an award to Harper of the "maximum statutory damages of $1,000." *Id.* at 819. Finally, the court granted Harper reasonable attorney's fees. However, the court did not calculate Harper's fee award according to the value of the legal services under the prevailing market rate. Instead, the court held that because Harper was represented by an attorney who worked for his union's legal services organization, Harper's fee award must be limited to the actual cost of providing Harper with the legal services. *Id.* at 820–22.

## II. DISCUSSION

In these consolidated appeals, Harper presses two issues. First, Harper contends that the court erred in determining that the maximum amount of additional damages authorized by the FDCPA was $1,000 per action. Instead, Harper argues that the FDCPA authorizes additional damages of either $1,000 per violation of the statute, or $1,000 per improper communication, or $1,000 per alleged debt. Second, Harper suggests that it was error to award cost-based attorney's fees instead of awarding attorney's fees based upon the prevailing market rate. We find no merit in either of Harper's arguments.

A. *Maximum Statutory Damages Under The FDCPA*

■ Harper's claims regarding maximum additional damages are foreclosed by the language of the statute. The FDCPA clearly states that additional damages "in the case of *any action* by an individual" shall not "exceed[ ] $1,000." 15 U.S.C. § 1692k(a)(2)(A) (1988) (emphasis added). The FDCPA does not on its face authorize additional statutory damages of $1,000 per violation of the statute, of $1,000 per improper communication, or of $1,000 per alleged debt. If Congress had intended such limitations, it could have used that terminology. Because Congress instead chose to write that additional damages would be limited to $1,000 per "action," we agree with the district court that "the plain language of section 1692k(a)(2)(A) provides for maximum statutory damages of $1,000." *Harper,* 768 F.Supp. at 819.

■ We acknowledge Harper's attempt to influence our construction of the FDCPA by utilizing the statute's legislative history and by advancing various policy arguments. But when the language of a statute is so clear, that text must control unless there is a clearly expressed legislative intent to the contrary. *See, e.g., United States v. Turkette,* 452 U.S. 576, 580, 101 S.Ct. 2524, 2527, 69 L.Ed.2d 246 (1981); *Consumer Prod. Safety Comm'n v. GTE Sylvania, Inc.,* 447 U.S. 102, 108, 100 S.Ct. 2051, 2056, 64 L.Ed.2d 766 (1980). In this case, Harper has failed to make the required clear showing that the legislature intended anything other than a $1,000 per action limitation. Accordingly, we hold that the district court properly limited Harper's additional damages award to $1,000 under the language of the FDCPA. *See National Envtl. Found. v. ABC Rail Corp.,* 926 F.2d 1096, 1099 (11th Cir.1991); *United States v. Rodriguez–Suarez,* 856 F.2d 135, 137–38 (11th Cir.1988), *cert. denied,* 488 U.S. 1045, 109 S.Ct. 875, 102 L.Ed.2d 998 (1989).[1]

---

1. We note that our ruling today is in accord with dicta from two circuit court decisions and with holdings from two reported district court opinions. *See Pipiles v. Credit Bureau,* 886 F.2d 22, 27–28 (2d Cir.1989); *Crossley v. Lieberman,* 868 F.2d 566, 572–73 (3d Cir.1989); *Beattie v. D.M. Collections, Inc.,* 764 F.Supp. 925, 925–28 (D.Del.1991); *Harvey v. United Adjusters,* 509 F.Supp. 1218, 1222 (D.Or.1981). Although several unreported district court decisions have reached contrary conclusions, we find the reasoning of those cases to be unpersuasive and contrary to the language of the FDCPA.

B. *Attorney's Fees*

■ Based upon the information before it, the district court limited Harper's attorney's fees award to the cost of providing Harper's legal services. The court reasoned that because Harper's lawyer was employed by the legal services agency affiliated with the United Auto Workers Union ("UAW"), a fee award based upon the prevailing market rate might result in an inappropriate economic benefit to the UAW union and might create the ethical problems associated with sharing attorney's fees with nonlawyers. *See Harper*, 768 F.Supp. at 820–22.

"This court reviews an award of attorneys' fees for abuse of discretion...." *Camden I Condominium Ass'n v. Dunkle*, 946 F.2d 768, 770 (11th Cir.1991); *see also Turner v. Secretary of the Air Force*, 944 F.2d 804, 808 (11th Cir.1991). We find no abuse of discretion in the district court's award of attorney's fees to Harper. There is ample authority supporting the proposition that attorney's fees can be limited to the cost of providing the legal services if there is a risk of inappropriate economic benefit to a union and improper sharing of attorney's fees with nonlawyers. *See, e.g., Goodrich v. Department of the Navy*, 733 F.2d 1578, 1580–81 (Fed.Cir.1984), *cert. denied*, 469 U.S. 1189, 105 S.Ct. 958, 83 L.Ed.2d 965 (1985); *National Treasury Employees Union v. Department of the Treasury*, 656 F.2d 848, 850–53 (D.C.Cir. 1981); *Anderson v. Department of the Treasury*, 648 F.2d 1, 3 (D.C.Cir.1979) (per curiam).

We acknowledge that several courts have retreated from the holdings of the above-cited cases and have ruled that market-rate fee awards for union legal services organizations are appropriate when there is a showing that any recovered fees do not directly benefit the union and do not result in unethical fee-splitting. *See, e.g., American Fed'n of Gov't Employees v. Federal Labor Relations Auth.*, 944 F.2d 922, 935–37 (D.C.Cir.1991); *Curran v. Department of the Treasury*, 805 F.2d 1406, 1408–09 (9th Cir.1986). For example, the court in *Curran* held that "[w]hen fees are paid into a separate account used solely by [the] lawyers [employed by the lay organization] for litigation purposes, there simply is no fee splitting with a lay entity and no encouragement of the unauthorized practice of law." 805 F.2d at 1409.

In this case, however, we have no occasion to address the applicability of decisions like *Curran* because Harper did not timely present any evidence of the protections that might have compelled a market-rate fee award, such as the existence of a separate operating account or the absence of fee-sharing with the UAW union. *Compare* R1–32–1–2 *with* R1–29, Wilkerson Affidavit, at 1–2. We cannot fault the district court for refusing to consider evidence that was neither presented at trial nor offered in a timely motion to reconsider. *See Useden v. Acker*, 947 F.2d 1563, 1571–72 (11th Cir.1991). We hold that on the unique facts of this case, Harper failed to meet his burden of justifying the appropriateness of a fee award based upon the prevailing market rate. *See Turner*, 944 F.2d at 808.[2]

AFFIRMED.

---

**2.** We express no opinion on the legal question that would have arisen if the evidence about UAW's legal services organization would have been timely submitted.