**In re WINN DIXIE STORES, INC., et al, Debtors.**

**Winn Dixie Stores, Inc., Plaintiff,**

**v.**

**Elizabeth Whitbeck, Dell & Schaefer, P.A., and Sedgwick Claims Management Services, Inc., Defendants.**

**Bankruptcy No. 05–3817–3F1.**
**Adversary No. 06–130.**

United States Bankruptcy Court, M.D. Florida, Jacksonville Division.

July 28, 2006.

---

Stephen D. Busey, David L. Gay, Cynthia C. Jackson, James H. Post, Leanne McKnight Prendergast, Allan E. Wulbern, Smith, Hulsey & Busey, Jacksonville, FL, Adam Ravin, Skadden, Arps, Slate, Meagher & Flom, LLP, New York, NY, for Debtors.

### ORDER DENYING AMENDED MOTIONS TO VACATE AND SET ASIDE DEFAULT AND DEFAULT JUDGMENT

JERRY A. FUNK, Bankruptcy Judge.

This proceeding came before the Court upon Amended Motions to Vacate and Set Aside Default and Default Judgment filed by Elizabeth Whitbeck and Dell & Schaefer, P.A., (collectively the "Whitbeck Defendants") and Plaintiff's Responses in Opposition to Amended Motions to Vacate and Set Aside Default and Default Judgment.

On March 17, 2006 Plaintiff commenced this adversary proceeding. The Complaint

sought a declaratory judgment. On April 12, 2006 Sedgwick Claims Management Services, Inc. ("Sedgwick") filed an answer to the Complaint. The Whitbeck Defendants failed to file a responsive pleading to the complaint. On April 18, 2006 Plaintiff filed Motion for Default against [the Whitbeck Defendants]. On April 21, 2006 the Clerk entered defaults against the Whitbeck Defendants. On April 24, 2006 the Court entered Order on Plaintiff's Motion for Final Judgment against [the Whitbeck Defendants] and Final Judgment against [the Whitbeck Defendants] (the "Judgment").

Paragraph 1 of the Judgment provides that "[Sedgwick] has no liability to [the Whitbeck Defendants] as to the matters asserted in the action [the Whitbeck Defendants] filed against [Sedgwick] in the Circuit Court for Palm Beach County, Florida...." Paragraph 2 of the Judgment provides that "Elizabeth Whitbeck holds an allowed unsecured non-priority claim in the amount of $100,000, represented by Claim No.2012, against Winn Dixie Stores, Inc. in Case No. 05–03817." Paragraph 3 of the Judgment provides that "Elizabeth Whitbeck holds no other prepetition claims against any of the Debtors."

On May 1, 2006 the Whitbeck Defendants filed Motions to Vacate and Set Aside Default and Default Judgment. On May 10, 2006 Plaintiff filed Responses to Motions to Vacate and Set Aside Default and Default Judgment. On June 7, 2006 the Whitbeck Defendants filed Amended Motions to Vacate and Set Aside Default and Default Judgment (the "Amended Motions to Set Aside"). On June 22, 2006 Plaintiff filed Responses to [the Amended Motions to Set Aside].

The Whitbeck Defendants assert that their failure to timely file a responsive pleading was due to excusable neglect. Attached to the Amended Motion to Set Aside is an affidavit of Gregory M. Dell, Esquire, counsel for the Whitbeck Defendants. Mr. Dell attests that he filed a responsive pleading to the Complaint on April 7, 2006 but that it was returned by the Clerk because it was not filed electronically. Mr. Dell also attests that he then contacted in excess of 25 attorneys in an effort to locate someone capable and willing to co-counsel on the case in order to properly file electronically. Mr. Dell attests that he was unable to locate suitable co-counsel until April 25, 2006.

■ Although Federal Rule of Civil Procedure 55(c) permits a court to set aside a default for "good cause shown", it requires a court to proceed in accordance with Rule 60(b) in determining whether to set aside a default judgment. Motions made under Rule 60(b) are within the sound discretion of the trial court. *Turner v. Secretary of Air Force,* 944 F.2d 804, 807 (11th Cir.1991). Rule 60(b) provides in pertinent part:

> (b) Mistakes; Inadvertence; Excusable Neglect; Newly Discovered Evidence; Fraud, Etc.

On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect;

■ A defaulting party seeking to establish mistake, inadvertence, or excusable neglect must show that: "1) it had a meritorious defense that might have affected the outcome; 2) granting the motion would not result in prejudice to the non-defaulting party; and 3) a good reason existed for failing to reply to the complaint." *Florida Physician's Ins. Co., Inc. v. Ehlers,* 8 F.3d 780, 782 (11th Cir.1993). In order to establish a meritorious defense, a moving party "must make an affirmative showing

of a defense that is likely to be successful." *Solaroll Shade & Shutter Corp. v. Bio–Energy Sys., Inc.*, 803 F.2d 1130, 1132 (11th Cir.1986) (citation omitted).

The Court finds that the Whitbeck Defendants did not set forth a good reason for their failure to timely file a responsive pleading to the Complaint. Initially the Court notes that its procedure when a party files a paper pleading is to docket the pleading and then enter an order striking the pleading, not to return the pleading. However, even assuming for purposes of argument that the pleading was rejected, the Whitbeck Defendants had ten days to electronically file a responsive pleading. Their asserted difficulty in obtaining co-counsel does not constitute a good reason for their failure to timely file a responsive pleading.

Even if the Court had found that the Whitbeck Defendants' set forth a good reason for their failure to timely file a responsive pleading to the complaint, the Court finds that they did not show a meritorious defense to the Complaint. Accordingly, the Court finds that the Whitbeck Defendants failed to establish excusable neglect. It is

**ORDERED:**

Amended Motions to Vacate and Set Aside Default and Default Judgment filed by Elizabeth Whitbeck and Dell & Schaefer, P.A., are denied.