Leona **IRVINE**, Plaintiff,

v.

**I.C. SYSTEM, INC.**, a Minnesota corporation, Defendant.

Civil Action No. 14-cv-01329-PAB-KMT

United States District Court, D. Colorado.

Signed July 29, 2016

David Michael Larson, David M. Larson, Attorney at Law, Englewood, CO, for Plaintiff.

Jamie N. Cotter, Philip Michael Quatrochi, Spencer Fane Britt & Browne, LLP, Denver, CO, Joshua Caine Dickinson, Spencer Fane Britt & Browne, LLP, Omaha, NE, for Defendant.

## ORDER

PHILIP A. BRIMMER, United States District Judge

This matter is before the Court on the Motion for Reconsideration [Docket No. 77] and Motion to Dismiss for Lack of Subject-Matter Jurisdiction [Docket No. 85] filed by defendant I.C. System, Inc. and the Motion to Enter Judgment in Favor of the Plaintiff and Against the Defendant and to Enter an Order that the Defendant's Motion for Reconsideration, CM/ECF # 77 is Moot [Docket No. 81] filed by plaintiff Leona Irvine.

## I. BACKGROUND

The facts underlying this dispute are set forth in detail in the Court's March 31, 2016 order. *See* Docket No. 76. Only the facts relevant to resolving the instant motions will be restated herein.

On May 12, 2014, plaintiff Leona Irvine filed this case. Docket No. 1. She asserts a single claim for relief against defendant for violation of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq.*, in connection with defendant's efforts to collect a debt (the "debt") allegedly owed by plaintiff.[1] *Id.* at 9-10.

On June 29, 2015, defendant filed a motion for summary judgment on plaintiff's claim. Docket No. 36. On November 9, 2015, plaintiff filed a motion for summary judgment and defendant filed a second motion for summary judgment on plaintiff's claim. Docket No. 59, 60.

On March 31, 2016, the Court issued an order on the parties' cross motions for summary judgment. Docket No. 76. The Court determined that, during the March 13, 2014 phone call with defendant, plaintiff disputed the debt and that defendant

---

**1.** Plaintiff's single claim alleges that defendant violated several provisions of the Act in a variety of ways. *See* Docket No. 56 at 13-14, ¶¶ 92-94.

violated the FDCPA by telling plaintiff that the debt would remain on her credit report until paid, and that defendant violated the FDCPA by its March 16 and 23, 2014 communications to Experian and Transunion, and its April 1, 2014 communication to the creditor, by not reporting the debt as disputed. *Id.* at 14-19. Regarding plaintiff's contention that defendant violated the FDCPA by its May 18, 2014 communication to Experian and Transunion to delete the account, the Court held that summary judgment was inappropriate on this issue because plaintiff did not establish that deleting an account from a credit report violated the FDCPA. *Id.* at 20.

On April 28, 2016, defendant filed a motion requesting the Court to reconsider its March 31, 2016 order. Docket No. 77. Defendant asks the Court to "issue judgment as a matter of law holding that ICS did not violate the FDCPA" by its May 18, 2014 communication to Experian and Transunion requesting deletion of plaintiff's debt from her credit report. *Id.* at 2.

On May 20, 2016, defendant filed a Stipulation as to Statutory Damages, Docket No. 79, in which defendant "stipulates to the maximum statutory damages pursuant to the FDCPA in the amount of $1,000." *Id.* at 1, ¶ 3. Defendant also states that it "recognizes that under the [FDCPA], Plaintiff is entitled to make an application for costs and reasonable attorney fees." *Id.* at 2, ¶ 3.

On May 20, 2016, plaintiff filed a motion requesting the Court to enter judgment in favor of plaintiff and to deny defendant's motion for reconsideration as moot. Docket No. 81.

On July 1, 2016, defendant filed a motion to dismiss for lack of subject matter jurisdiction, contending that the Court lacks subject matter jurisdiction over this dispute because plaintiff has not established that she has standing to bring her claim. Docket No. 85 at 1.

## II. ANALYSIS

### A. Whether Plaintiff has Standing

 Defendant's argument that plaintiff lacks standing to assert her FDCPA claim is properly determined pursuant to Rule 12(b)(1) because such argument attacks the Court's subject matter jurisdiction. *See Colo. Envtl. Coalition v. Wenker,* 353 F.3d 1221, 1227 (10th Cir.2004) (standing is jurisdictional). Rule 12(b)(1) challenges are generally presented in one of two forms: "[t]he moving party may (1) facially attack the complaint's allegations as to the existence of subject matter jurisdiction, or (2) go beyond allegations contained in the complaint by presenting evidence to challenge the factual basis upon which subject matter jurisdiction rests." *Merrill Lynch Bus. Fin. Servs., Inc. v. Nudell,* 363 F.3d 1072, 1074 (10th Cir.2004) (quoting *Maestas v. Lujan,* 351 F.3d 1001, 1013 (10th Cir.2003)). Ultimately, plaintiff has "[t]he burden of establishing subject matter jurisdiction" because it is "the party asserting jurisdiction." *Port City Props. v. Union Pac. R.R. Co.,* 518 F.3d 1186, 1189 (10th Cir.2008).

 "The standing inquiry ensures that a plaintiff has a sufficient personal stake in a dispute to ensure the existence of a live case or controversy which renders judicial resolution appropriate." *Tandy v. City of Wichita,* 380 F.3d 1277, 1283 (10th Cir.2004). To establish Article III standing, plaintiff must meet three elements:

First, the plaintiff must have suffered an "injury in fact"—an invasion of a legally protected interest which is (a) concrete and particularized, and (b) "actual or imminent, not 'conjectural' or 'hypothetical.'" Second, there must be a causal connection between the injury and the conduct complained of—the injury has to be "fairly ... trace[able] to the challenged action of the defendant, and not

... th[e] result [of] the independent action of some third party not before the court." Third, it must be "likely," as opposed to merely "speculative," that the injury will be "redressed by a favorable decision."

*Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–61, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992) (citations omitted).

 "Injury in fact is a constitutional requirement, and '[i]t is settled that Congress cannot erase Article III's standing requirements by granting the right to sue to a plaintiff who would not otherwise have standing.'" *Spokeo, Inc. v. Robins*, ─── U.S. ───, 136 S.Ct. 1540, 1547–48, 194 L.Ed.2d 635 (2016) (citations omitted). "To establish injury in fact, a plaintiff must show that he or she suffered 'an invasion of a legally protected interest' that is 'concrete and particularized' and 'actual or imminent, not conjectural or hypothetical.'" *Id.* at 1548 (citing *Lujan*, 504 U.S. at 560, 112 S.Ct. 2130). An injury is particularized if it affects "the plaintiff in a personal and individual way." *Spokeo*, 136 S.Ct. at 1548. "A 'concrete' injury must be '*de facto*'; that is, it must actually exist;" it must be "real," not "abstract." *Id.*

Defendant contends that "Plaintiff has suffered no 'concrete' injury and therefore cannot satisfy the injury-in-fact prong of the Supreme Court's test for Article III standing." Docket No. 85 at 6. Defendant argues that "a bare procedural violation is all Plaintiff asserts in this suit," which is insufficient to confer standing. *Id.* at 5; *see Summers v. Earth Island Inst.*, 555 U.S. 488, 496, 129 S.Ct. 1142, 173 L.Ed.2d 1 (2009) ("[D]eprivation of a procedural right without some concrete interest that is affected by the deprivation—a procedural right *in vacuo*—is insufficient to create Article III standing.").

Plaintiff responds that she "suffered an invasion of a 'legally protected interest' that is 'concrete and particularized' and

actual" when the defendant falsely represented to her "that the account would stay on the credit report until it is paid and by communicating information to the credit bureaus and the creditor regarding the Plaintiff's account without reporting the account as disputed." Docket No. 95 at 6. Plaintiff relies on two post-*Spokeo* cases for her argument that defendant's conduct caused her concrete and particularized harm—*Church v. Accretive Health, Inc.*, 654 Fed.Appx. 990, 2016 WL 3611543 (11th Cir. July 6, 2016), and *Dickens v. GC Servs. Ltd. P'ship*, 2016 WL 3917530 (M.D.Fla. July 20, 2016). In both *Church* and *Dickens*, the defendant challenged plaintiff's standing to bring an FDCPA violation claim based on *Spokeo*. *See Church*, 654 Fed.Appx. at 992, 2016 WL 3611543, at *1 ("[defendant] argues that Church's injury is not sufficiently concrete to support Article III standing because Church incurred no actual damages from [defendant's] violation of the FDCPA"); *Dickens*, 2016 WL 3917530, at *1 ("[defendant] argues that its alleged statutory violation caused Dickens only a hypothetical injury, not any actual harm, and thus Dickens did not suffer 'an injury in fact'"). *Church* and *Dickens* noted that the Supreme Court in *Spokeo* reversed the Ninth Circuit for failing to perform a complete standing analysis and did not reach the issue of whether the alleged injury was concrete. *See Church*, 654 Fed.Appx. at 992, 2016 WL 3611543, at *1; *Dickens*, 2016 WL 3917530, at *1. *Church* and *Dickens* found that the plaintiffs adequately alleged a concrete injury in fact due to defendants' FDCPA violations. *See Church*, 654 Fed.Appx. at 995, 2016 WL 3611543, at *3 ("Church has sufficiently alleged that she has sustained a concrete—i.e., "real"—injury because she did not receive allegedly required disclosures .... Church did not receive information to which she was entitled .... [T]his injury

is one that Congress has elevated to the status of a legally cognizable injury through the FDCPA."; *Dickens*, 2016 WL 3917530, at *2.

The Court agrees with plaintiff that the harms from defendant's actions are sufficient to establish standing to assert an FDCPA claim. Through the FDCPA, Congress created statutory legal rights to be free from certain abusive debt collection practices, *Johnson v. Riddle*, 305 F.3d 1107, 1117 (10th Cir.2002), and a debt collector's violation of those rights may constitute a concrete and particularized injury. *See Brown v. Transurban USA, Inc.*, 144 F.Supp.3d 809, 827 (E.D.Va.2015) ("The 'injury in fact' suffered by Plaintiffs under the FDCPA is not any actual economic loss, but rather being subjected to the allegedly 'unfair and abusive practices' of the Collection Defendants."). Under the FDCPA, it is a violation to "use any false, deceptive, or misleading representation or means in connection with the collection of any debt" or to falsely represent the "character, amount, or legal status of any debt." 15 U.S.C. § 1692e, e(2)(A). Plaintiff's lawsuit does not seek to merely vindicate an interest in defendant's procedural compliance with the FDCPA; rather, plaintiff's suit is based on her claim that defendant violated her substantive rights under the FDCPA by its conduct and communications regarding plaintiff's debt. Here, defendant gave plaintiff false information about her debt—that it would remain on her credit report until the debt was paid. Docket No. 76 at 12-14. Defendant also communicated information about plaintiff's debt to credit reporting agencies on three occasions, *id.* at 14, 19, and on one occasion to the underlying creditor, *id.* at 17, without noting that it was disputed, which could harm her credit. *See Saunders v. Branch Banking And Trust Co. Of Va.*, 526 F.3d 142, 146–47 (4th Cir.2008) (noting the harm from a debt collector's "decision to report the debt but not the dispute"

which "resulted in a much lower credit score for [plaintiff] than a report of both the debt and the dispute"); *Hudspeth v. Capital Mgmt. Servs., L.P.*, No. 11–cv–03148–PAB–MEH, 2013 WL 674019, at *6 (D.Colo. Feb. 25, 2013) ("Courts have recognized the increasing importance of credit reports in mediating access to financial tools such as mortgages, as well as to other opportunities such as housing and employment.") (citing *Edeh v. Midland Mgmt., Inc.*, 748 F.Supp.2d 1030, 1035 (D.Minn.2010)). The Court finds that the harms asserted by plaintiff are sufficiently particularized and concrete to establish her actual injury and that she has standing to bring her FDCPA claim.

### B. Motion for Reconsideration

The Federal Rules of Civil Procedure do not expressly provide for motions for reconsideration. *See Hatfield v. Bd. of Cty. Comm'rs for Converse Cty.*, 52 F.3d 858, 861 (10th Cir.1995). It is, however, within the Court's discretion to reconsider its rulings. *See Fye v. Okla. Corp. Comm'n*, 516 F.3d 1217, 1223 n. 2 (10th Cir.2008) ("The District Court's partial summary judgment ruling was not a final judgment. Thus, [plaintiff's] motion for reconsideration is considered an interlocutory motion invoking the district court's general discretionary authority to review and revise interlocutory rulings prior to entry of final judgment."). When doing so, the Court considers whether new evidence or legal authority has emerged or whether the prior ruling was clearly in error. *See Vigil v. Colorado Dep't. of Corrections*, No. 09–cv–01676–PAB–KLM, 2011 WL 1518660, at *1 (D.Colo. Apr. 20, 2011); *cf. Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir.2000) ("[A] motion for reconsideration is appropriate where the court has misapprehended the facts, a party's position, or the controlling law. It is not appropriate to revisit issues

already addressed or advance arguments that could have been raised in prior briefing.") (citations omitted).

██ Defendant's motion for reconsideration asks the Court to reconsider its order on defendant's motion for summary judgment and to resolve the sole issue remaining in this case—whether defendant violated the FDCPA by its May 18, 2014 communication to Experian and Transunion in which it requested deletion of plaintiff's account from her credit report. Docket No. 77 at 3. However, defendant did not move for summary judgment on the issue of whether its May 18, 2014 communication violated the FDCPA. Accordingly, the Court could not grant summary judgment for defendant on this issue.

### C. Plaintiff's Motion to Enter Judgment

██ Plaintiff's motion requests that the Court enter judgment in favor of plaintiff on her claim. Docket No. 81. Plaintiff contends that the Court's March 31, 2016 order "combined with the Defendant's Stipulation as to Statutory Damages ... means that the Plaintiff has been successful in this action as liability of the Defendant has been established in combination with the maximum amount of statutory damages available under the FDCPA, $1,000 being stipulated by the Defendant." Id. at 2, ¶ 5.

Courts have ruled that statutory damages under the FDCPA are limited to $1,000 per lawsuit, rather than $1,000 per violation of the act. See Harper v. Better Bus. Servs., Inc., 961 F.2d 1561, 1563 (11th Cir.1992) (holding that statutory damages were limited to $1,000 per action because "[t]he FDCPA does not on its f ace authorize additional statutory damages of $1,000 per violation of the statute, of $1,000 per improper communication, or of $1,000 per alleged debt. If Congress had intended such limitations, it could have used that

terminology"); Wright v. Finance Serv. of Norwalk, Inc., 22 F.3d 647, 651 (6th Cir. 1994) ("Congress intended to limit 'other damages' to $1,000 per proceeding, not to $1,000 per violation"). Thus, even if plaintiff prevailed at trial on the remaining issue of whether defendant's May 18, 2014 communication violated the FDCPA, her damages would not change. As plaintiff implicitly acknowledges through her motion to enter judgment, her claim regarding deletion of the accounts is moot and that aspect of her FDCPA claim will be dismissed.

### IV. CONCLUSION

For the foregoing reasons, it is

ORDERED that the Motion for Reconsideration [Docket No. 77] is DENIED. It is further

ORDERED that the Motion to Dismiss for Lack of Subject-Matter Jurisdiction [Docket No. 85] is DENIED. It is further

ORDERED that the Motion to Enter Judgment in Favor of the Plaintiff and Against the Defendant and to Enter an Order that the Defendant's Motion for Reconsideration, CM/ECF # 77 is Moot [Docket No. 81] is GRANTED. It is further

ORDERED that judgment shall enter in favor of plaintiff LEONA IRVINE and against defendant I.C. SYSTEM, INC. for statutory damages of $1,000. It is further

ORDERED that this case is closed.