DOWNEY, JAMES C., Associate Judge.
Appellant Tallahassee Title Company seeks reversal of a final judgment entered against it in a suit by appellee Helen P. Dean brought pursuant to Chapter 559, Florida Statutes (1979). The trial judge entered a judgment awarding Dean actual and punitive damages, together with costs and attorney’s fees.
Briefly, the facts are that Tallahassee Title handled the closing of the sale of a home owned by Dean and another. Tallahassee Title had been advised by a third party insurance agency that it was owed approximately $1300 for insurance premiums on a policy it had written on the Dean property. Accordingly, in preparing the closing statement for the sale the title company showed the delinquent insurance premiums as a deduction from the sales proceeds to Dean. Dean, through her husband, indicated that she did not owe the premiums because there was a controversy between Dean and the insurance agency over who owed whom what. Nevertheless, the title company advised Dean the allegedly delinquent premiums would be deducted or there would be no closing. Under these circumstances Dean signed the closing statement and the sale was closed. Since Dean protested the deduction of the alleged debt for the insurance premiums, Tallahassee Title gave the check payable to the insurance agency to Dean. After approximately a month, when notified by the insurance agency that the premiums had not been paid, Tallahassee Title stopped payment on the check given Dean and issued a new one to the insurance agency. Dean then instituted this suit, pursuant to Section 559.77, Florida Statutes (1979), for violation of Section 559.72.
The trial judge found that Tallahassee Title’s conduct in refusing to close the sale unless Dean agreed to the withholding of the alleged debt to the third party insurance agency constituted a violation of the prohibitions set forth in Sections 559.72(7) and (9) and awarded actual damages of $1361.47 (the amount of the withheld insurance claim) and twice that amount as punitive damages, plus costs and an attorney’s fee of $1000.00.
Considering the spirit and purpose of Part Y of Chapter 559, “The Consumer Collection Practices Act,” we see no error demonstrated in the trial court’s finding that appellant violated Section 559.72, thus entitling appellee to actual damages, costs, and attorney’s fees. The award of punitive damages, however, is a different matter. The function of the different awards of actual damages and punitive damages under the chapter was recognized in Harris v. Beneficial Finance Co. of Jacksonville, 338 So.2d 196 (Fla.1976). The different con- ’ duct, which is the basis for an allowance of those damages, was commented upon in this court’s decision in Story v. J. M. Fields, Inc., 343 So.2d 675, 677 (Fla. 1st DCA 1977):
Our Supreme Court had differentiated between conduct which subjects a creditor to liability for actual or statutory damages and conduct which subjects him additionally to conventional punitive damages: the former remedy is appropriate when willfulness is shown but “the legal standard of malice is not met” and the latter sanction is applied when “malicious intent” is proved. Harris v. Beneficial Finance Co. of Jacksonville, 338 So.2d 196, 200 (Fla.1976). Thus willfulness is as defined by the Court in Chandler v. Kendrick, 108 Fla. 450, 452, 146 So. 551, 552 (1933), characterizing language in the usury statute:
“A thing is willfully done when it proceeds from a conscious motion of the will, intending the result which actually comes to pass. It must be designed or intentional, and may be malicious, though not necessarily so.”
See also Dezell v. King, 91 So.2d 624, 626 (Fla.1956). Malice, on the other hand, imports a wrongful act done to inflict *206 injury or without a reasonable cause or excuse. Wilson v. O’Neal, 118 So.2d 101 (Fla. 1st DCA 1960).
In our judgment the conduct complained of here does not indicate a malicious intent to injure Dean. Nor can the conduct be characterized as “wanton, malicious or gross and outrageous” as described in Steiner and Munach v. Williams, 334 So.2d 39 (Fla. 3rd DCA 1976).
Accordingly, the award of punitive damages is reversed and the remainder of the judgment is affirmed.
ROBERT P. SMITH, Jr., C. J., specially concurs, with written opinion.
LARRY G. SMITH, concurs and dissents, with written opinion.