437 So.2d 169 (1983)
GENESIS PUBLICATIONS, INC. and Cycle Guide Publications, Inc., Appellants,
v.
Anne C. GOSS, Appellee.
No. 82-659.
District Court of Appeal of Florida, Third District.
August 2, 1983.
Rehearing Denied September 28, 1983.
Horton, Perse & Ginsberg and Mallory H. Horton, Miami, for appellants.
Robert J. Galamaga, South Miami, for appellee.
Before SCHWARTZ, C.J., BARKDULL, J., and KAPNER, LEWIS, Associate Judge.
KAPNER, LEWIS, Judge.
This lawsuit stems from the publication by defendant, Genesis Publications, Inc., of a nude photograph of plaintiff Anne C. Goss. This publication was without plaintiff's permission.
The photograph was one of many taken by a photographer pursuant to plaintiff's desire to develop a portfolio to aid in her efforts at beginning a modeling career. Without plaintiff's consent, the photographs were given to defendant by an ad agency for use in a commercial advertisement published in defendant's magazine, Genesis. The plaintiff brought an action for invasion of privacy which resulted in a jury verdict of $100,000 compensatory damages and $400,000 punitive damages. Defendant appealed, claiming that the evidence was insufficient to support either award.
Considering the trial testimony, as well as the nature of Genesis magazine and *170 of the advertisements containing plaintiff's photograph, there is sufficient evidence to justify a verdict of $100,000 compensatory damages. We therefore affirm that award; but, we find no evidence to justify the award of punitive damages.
Defendant conceded that it did not have plaintiff's permission to publish the photograph even though such permission is specifically required by the statutes of New York,[1] where defendant's magazine was published, and the statutes of Florida,[2] where the instant complaint was filed. Although we note that the complaint alleges common law invasion of privacy and not a violation of statute, if there was evidence tending to show intentional, wanton and malicious disregard for laws designed to protect people's rights, the issue of punitive damages would properly be one for the jury. See Winn & Lovett Grocery Co. v. Archer, 126 Fla. 308, 327, 171 So. 214, 221 (1936). However, plaintiff must show more than an intent to commit a tort or violate a statute to justify punitive damages. As stated in Wrains v. Rose, 175 So.2d 75, 78 (Fla. 2d DCA 1965), "[M]ere proof of an intentional tort does not ipso facto entitle the plaintiff to punitive damages... ." 17 Fla.Jur.2d Damages § 120 (1980) citing 22 Am.Jur.2d Damages § 250, is more specific:
Malice ... is not simply the doing of an unlawful or injurious act; it implies that the act complained of was conceived in the spirit of mischief or criminal indifference to civil obligations.
The corporate officer who approved the advertisement in question testified that notwithstanding the requirements of law, his corporation never sought written permission for publication of photographs used for commercial purposes when photographs were obtained from advertising agencies, but that the corporation did seek written permission for publication of editorial photographs. The rationale was that, where photographs were to be used for commercial purposes, it was assumed the advertising agencies would obtain the necessary permission in accordance with the industry practice. If in fact the advertising agency had properly obtained plaintiff's permission, she would have had no cause of action whatsoever for invasion of privacy.
Nonetheless, the trial court allowed the jury to consider the issue of punitive damages on the sole basis of the corporate officer's testimony that despite the requirement that permission be obtained, his company never did so, relying instead on the advertising agencies. This conduct was intentional, but not a wanton disregard of plaintiff's rights.
The terms "recklessness, wantonness and willfulness," when used to justify punitive damages implies a knowledge and *171 present consciousness not simply that a statute or right will be violated but that injury will result. See 17 Fla.Jur.2d Damages §§ 120, 122 (1980). Cf. Tallahassee Title Co. v. Dean, 411 So.2d 204 (Fla. 1st DCA 1982); Story v. J.M. Fields, Inc., 343 So.2d 675 (Fla. 1st DCA), cert. denied, 348 So.2d 954 (Fla. 1977). Under the circumstances of this case punitive damages are inappropriate.
Accordingly, the verdict as to compensatory damages is affirmed and the verdict as to punitive damages is reversed.
Affirmed in part; reversed in part.
NOTES
[1] N.Y.Civ.Rights Law § 50 (McKinney 1976) provides in pertinent part:

A person, firm or corporation that uses for advertising purposes, or for the purposes of trade, the ... picture of any living person without having first obtained the written consent of such person . .. is guilty of a misdemeanor.
N.Y.Civ.Rights Law § 51 (McKinney 1976) provides in pertinent part:
Any person whose ... picture is used within this state for advertising purposes or for the purposes of trade without the written consent first obtained as above provided may ... sue and recover damages for any injuries sustained by reason of such use and if the defendant shall have knowingly used such person's... picture in such manner as is forbidden or declared to be unlawful by the last section, the jury, in its discretion, may award exemplary damages.
[2] Section 540.08, Florida Statutes (1977) provides in pertinent part:

(1) No person shall publish, print, display or otherwise publicly use for purposes of trade or for any commercial or advertising purpose the ... photograph, or other likeness of any natural person without the express written or oral consent to such use given by:
(a) Such person; or
(b) Any other person, firm or corporation authorized in writing by such person to license the commercial use of his name or likeness... .
(2) In the event the consent required in subsection (1) is not obtained, the person whose ... photograph, or other likeness is so used ... may bring an action ... to recover damages for any loss or injury sustained by reason thereof ... and punitive or exemplary damages.