PER CURIAM.
Appellants, Sun International Hotels, Ltd., et al. [Sun], appeal a final judgment entered pursuant to a jury verdict awarding $14,000.00 in compensatory damages and $250,000.00 in punitive damages under section 540.08, Florida Statutes (1997), for the unauthorized use of Appellee Robert Wagner’s photographs. Finding the amount of punitive damages awarded excessive, we affirm in part, reverse in part, and order a remittitur.
*1191 In 1990, Wagner participated in a photo shoot at the Bahamas resort which is now owned and managed by Sun. Wagner was hired by an advertising agency to model for brochures and other public relations materials for the resort. He signed a contract with the agency giving the resort unlimited use rights to his pictures for three years (or until 1993).
In 1994, however, the resort used brochures and other advertising materials with pictures from the 1990 photo shoot. During that period, ownership of the resort was being transferred from one entity to another, but, before the company ownership changed, two of the other models who participated in the 1990 shoot obtained extra compensation from the resort for the continued use of their photos. The remaining four models, including Wagner, whose pictures were used in the resort’s advertising materials were never contacted about an extension of their photo usage contracts, nor were they ever compensated for the continued use of them pictures.
After Sun took over ownership of the resort, a new advertising campaign was undertaken. Sun wanted to use the same photos for which the authorization had expired in the new campaign, but it was then made aware of the problems with the use authorization. Wagner was offered the opportunity to participate in a new photo shoot for which he would be paid less money than he made in the 1990 shoot and for which he would have to sign an unlimited use contract. Wagner declined the offer and demanded compensation for the use of his photos past the authorization period. Sun supposedly attempted to stop the distribution of the old brochures which contained Wagner’s pictures. When Sun refused to compensate Wagner for the use of his photographs past the authorization period, Wagner filed suit. As previously stated, the trial of Wagner’s law suit resulted in a verdict for $14,000.00 in compensatory damages and $250,000.00 in punitive damages.
Sun relies on Genesis Publications, Inc. v. Goss, 437 So.2d 169 (Fla. 3d DCA 1983), to argue that the entire punitive damages award should be reversed. In Genesis Publications, the defendant used nude photographs of the plaintiff, arguing at trial that it had relied on the advertising agencies to obtain the necessary permission for use of the photographs pursuant to industry practice. Finding insufficient evidence to support punitive damages, we reversed the trial court’s decision to allow the jury
to consider the issue of punitive damages on the sole basis of the corporate officer’s testimony that despite the requirement that permission be obtained, his company never did so, relying instead on the advertising agencies. This conduct was intentional, but not a wanton disregard of plaintiffs rights.
Id. at 170. We find Genesis Publications distinguishable from Wagner’s case because there is substantial evidence in the record that, unlike the defendant in Genesis, Sun had direct knowledge in 1994 that it had no permission to use Wagner’s photographs. Yet, despite Sun’s direct knowledge, as late as 1995, copies of the old brochures containing Wagner’s photographs were found in travel agencies and at the resort itself.
Because there is substantial, competent evidence to support the award of punitive damages in Wagner’s case, we affirm. We hold, however, that the punitive damages award must be remitted to $42,000.00 (three times the compensatory damages) pursuant to section 768.73, Florida Statutes (1997) (the version of the statute, since substantially amended, applicable to Wagner’s case). That statute, which created statutory criteria for judicial review of punitive damage awards exceeding three times the amount awarded for compensatory damages, provided in subsection (l)(a) as follows:
In any civil action based on ... misconduct in commercial transactions ... and involving willful, wanton, or gross mis *1192 conduct, the judgment for the total amount of punitive damages awarded to a claimant may not exceed three times the amount of compensatory damages awarded to each person entitled thereto by the trier of fact, except as provided in paragraph (b).
Section 768.73(l)(b), in turn, provided:
If any award for punitive damages exceeds the limitation specified in paragraph (a), the award is presumed to be excessive and the defendant is entitled to remittitur of the amount in excess of the limitation unless the claimant demonstrates to the court by clear and convincing evidence that the award is not excessive in light of the facts and circumstances which were presented to the trier of fact.
Initially, we reject Wagner’s argument that the statute does not apply because this case did not involve a “commercial transaction.” Wagner argues that there was no commercial transaction between the parties because no explicit contract ever existed between Wagner and Sun. This overlooks the fact that the photographs at issue were obtained and used pursuant to an initial commercial transaction between Wagner and Sun’s predecessor in title that simply expired by its own terms. The statute clearly applies to this case.
Wagner next argues that the recent Florida Supreme Court decision in Owens-Corning Fiberglas Corp. v. Ballard, 749 So.2d 483 (Fla.1999), supports his argument that the punitive damages award qualifies under the exception to the statutory cap because he proved by clear and convincing evidence that he is entitled to the excess verdict. See § 768.73(l)(b), Fla. Stat. (1997). We disagree. Like the plaintiff in Ballard, Wagner was awarded punitive damages in an amount eighteen times the compensatory damages awarded, but, in our view, this is where the similarities between the cases end.
The Ballard opinion states that the statutory scheme “mandates increased scrutiny of punitive damage awards.” Id. at 487. Unlike the trial court in this case, the trial judge in Ballard provided a detailed and well-reasoned order in accordance with the statutory scheme setting forth what the clear and convincing evidence revealed. Here, Sun’s post-trial motions were summarily denied. Nor can we compare the impact of Sun’s illicit use of photographs in this case with that of the conduct of Owens-Corning in the Ballard case. See Ballard, 749 So.2d at 489 (“Further, it would be difficult to envision a more egregious set of circumstances than those found herein by the trial court to constitute a blatant disregard for human safety involving large numbers of people put at life-threatening risk.”). To factually compare the two cases demeans the suffering caused by the cancer-producing asbestos product marketed by Owens-Corning. Unlike those in Ballard, the facts of Wagner’s case simply do not rise to the level which would rebut the statutorily presumed excessiveness of the punitive damage award.
Reversed and remanded with directions to reduce the punitive damages award to $42,000.00. In all other respects, the final judgment is affirmed.