[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
AUGUST 4, 2008
THOMAS K. KAHN
CLERK

_____

No. 08-10889
Non-Argument Calendar

_____

D. C. Docket No. 06-00188-CV-4-HLM

MARTY GREEN,

                                                    Plaintiff-Appellant,

versus

RBS NATIONAL BANK,

                                                    Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

**(August 4, 2008)**

Before TJOFLAT, CARNES and BARKETT, Circuit Judges.

PER CURIAM:

Marty Green, proceeding pro se, brought this action against RBS National

Bank ("RBS") claiming that RBS violated the Fair Credit Reporting Act

("FCRA"), 15 U.S.C. § 1681s-2(b), and is seeking compensatory and punitive

damages. Green asserts that RBS infringed his rights under the FCRA because it

(1) was negligent in its investigation of disputes sent to it by credit reporting

agencies ("CRA"), (2) erroneously reported two accounts, instead of one, and

failed to rectify the problem after receiving a dispute from a CRA, and (3)

furnished inaccurate information to CRAs.  After the parties joined issue, RBS

moved the district court for summary judgment.  The court granted its motion in a

comprehensive 40-page order on January 23, 2008.  Green now appeals. [1]

The FCRA governs claims by consumers, like Green, against a furnisher of

information, such as RBS, based on an allegation that the furnisher submitted

incorrect information regarding the consumer to CRAs.  See generally 15 U.S.C.

§§ 1681a(c) & (f), 1681s-2(a).  The FCRA imposes two separate duties on

furnishers.  First, § 1681s-2(a) requires furnishers to submit accurate information

to CRAs.  Second, § 1681s-2(b) requires furnishers to investigate and respond

---

[1]  In addition to arguing that the court erred in granting RBS summary judgment, Green contends that the court abused its discretion in denying his motion for an extension of time for discovery.  We find no error, much less an abuse of discretion, in the court's denial of the motion. As the court properly explained in its January 16, 2008 order denying the motion, the motion was untimely.

promptly to notices of customer disputes. Green contends that Citizens Bank of Rhode Island ("Citizens") violated § 1681s-2(a) by tendering false information regarding his account. The FCRA, however, does not provide a private right of action to redress such a violation, and the district court was correct in so holding.[2]

The FCRA does provide a private right of action for a violation of § 1681s-2(b), but only if the furnisher received notice of the consumer's dispute from a consumer reporting agency. See 15 U.S.C. § 1681s-2(b)(1). Assuming that Green asserted such a claim, the undisputed evidence is against him. Green initiated only three disputes with CRAs, one with Experian and two with Trans Union. Citizens investigated the Experian dispute and accurately reported its findings to Experian the next day. Citizens investigated the Trans Union disputes and accurately reported its findings to Trans Union within no more than eight days. In short, Citizens timely complied with the letter of the law in all three instances.

We have no basis for disturbing the district court's January 23, 2008 order, and therefore affirm the court's judgment.

AFFIRMED.

---

[2] Enforcement of this provision is limited to federal agencies, federal officials, and state officials. 15 U.S.C. §§ 1681s-2(c), (d); 15 U.S.C. § 1681s(c)(1)(B).