ROTHENBERG, J.
Bruce Baldwin (“Baldwin”), individually and on behalf of all other similarly situated, appeals from a non-final order granting Regions Financial Corporation’s (“Regions”) amended motion to compel arbitration. For the reasons that follow, we affirm.
Baldwin obtained a vehicle loan from Regions. The executed loan documents contain an arbitration clause which provides that either party may choose to arbitrate any dispute between them, and, if a dispute is arbitrated, Baldwin waives his class action rights.[1] The arbitration clause also provides: “If any part of the Arbitration Clause, other than waivers of class action rights, is deemed or found to be unenforceable for any reason, the remainder shall remain enforceable.”
Baldwin filed a putative class action alleging that Regions violated section 559.72(16), Florida Statutes (2010),[2] of the Florida Consumer Collection Practices Act (“the FCCPA”), by sending correspondence to him and other debtors that contain the words “Consumer Collections” printed on the outside of the envelopes, and that these envelopes were calculated to embarrass them. In response, Regions filed an Amended Motion to Compel Arbitration or, in the Alternative, to Dismiss. The trial court referred Regions’ amended motion to compel arbitration to a general magistrate.
At the hearing before the general magistrate, Baldwin argued that enforcement of the arbitration clause would prevent him and other potential class members from seeking an express statutory remedy provided by section 559.77(2), and, therefore, the arbitration clause is void. Specifically, Baldwin argued that pursuant to section *1212 559.77(2), if he files his action on an individual basis, his “statutory damages” are capped at $1,000; whereas, if the action is brought as a class action, “statutory damages” are capped at $2,000 for each named plaintiff and class member. The general magistrate issued a report and recommendation granting Regions’ amended motion to compel arbitration. The trial court denied Baldwin’s exceptions to the general magistrate’s report and recommendation, and Baldwin’s appeal followed.
Baldwin does not argue that the class action waiver in the arbitration clause is unconscionable;[3] rather, he contends that a “generally applicable contract defense” would bar enforcement of the arbitration clause. As stated above, Baldwin asserts that the arbitration clause is void because it would defeat the remedial provision of section 559.77(2) pertaining to the award of “statutory damages.” See McKenzie v. Betts, 55 So.3d 615, 622 (Fla. 4th DCA 2011) (“One of these generally applicable Florida contract defenses is that enforcement of the contract will violate public policy. In particular, a contractual provision that defeats the remedial and deterrent provisions of a statute is contrary to public policy and is unenforceable.”); Blankfeld v. Richmond Health Care, Inc., 902 So.2d 296, 299 (Fla. 4th DCA 2005) (en banc) (“We now clarify that holding a contractual provision unenforceable because it defeats the remedial provisions of a statute, and is thus contrary to public policy, is distinct from finding unconscionability.”); see also Pendergast v. Sprint Nextel Corp., 592 F.3d 1119, 1142 (11th Cir.2010) (quoting Fonte v. AT & T Wireless Servs., Inc., 903 So.2d 1019, 1023 (Fla. 4th DCA 2005)) (noting that “there are two distinct frameworks for determining whether an arbitration clause is unenforceable: ((1) whether the arbitration clause is void as a matter of law because it defeats the remedial purpose of the applicable statute, or (2) whether the arbitration clause is unconscionable’ ”). As we conclude that Baldwin has misconstrued section 559.77(2) and that the rights of Baldwin and potential class members under the FCCPA are not abridged by the enforcement of the arbitration clause, including the class action waiver, we disagree.[4]
The FCCPA is a consumer protection law, which “seeks in part to protect Florida consumers from the illegal and unscrupulous practices of debt collectors and other persons.” Jones v. TT of Longwood, Inc., 2006 WL 2789140, at *5 (M.D.Fla. Sept. 26, 2006); see also Laughlin v. Household Bank, Ltd., 969 So.2d 509, 512 (Fla. 1st DCA 2007) (quoting Harris v. Beneficial Fin. Co. of Jacksonville, 338 So.2d 196, 200-01 (Fla.1976)) (“[The FCCPA] is a laudable legislative attempt to curb what the Legislature evidently found to be a series of abuses in the area of debtor-creditor relations.”); see also § 559.77(5), Fla. Stat. (2010) (“In applying and construing [section 559.77], due consideration and great weight shall be given to the interpretations of the Federal Trade *1213 Commission and the federal courts relating to the federal Fair Debt Collection Practice Act.”); Mammen v. Bronson & Migliaccio, LLP, 715 F.Supp.2d 1210,1214 (M.D.Fla.2009) (stating that the federal Fair Debt Collection Practice Act, 15 U.S.C. § 1692, is a remedial statute). The remedial portion of the FCCPA is set forth in section 559.77. Baldwin’s argument focuses on the interpretation of section 559.77(2), which provides as follows:
Any person who fails to comply with any provision of s. 559.72 is liable for actual damages and for additional statutory damages as the court may allow, but not exceeding $1,000, together with court costs and reasonable attorney’s fees incurred by the plaintiff. In determining the defendant’s liability for any additional statutory damages, the court shall consider the nature of the defendant’s noncompliance with s. 559.72, the frequency and persistence of the noncompliance, and the extent to which the noncompliance was intentional. In a class action lawsuit brought under this section, the court may award additional statutory damages of up to $1,000 for each named plaintiff and an aggregate award of additional statutory damages up to the lesser of $500,000 or 1 percent of the defendant’s net worth for all remaining class members; however, the aggregate award may not provide an individual class member with additional statutory damages in excess of $1,000. The court may award punitive damages and may provide such equitable relief as it deems necessary or proper, including enjoining the defendant from further violations of this part. If the court finds that the suit fails to raise a justiciable issue of law or fact, the plaintiff is liable for court costs and reasonable attorney’s fees incurred by the defendant.
We disagree with Baldwin’s argument that section 559.77(2) allows' for greater “additional statutory damages” if the claim is brought as a class action. Section 559.77(2) provides that, if the action is filed on an individual basis, a prevailing plaintiff may recover “additional statutory damages” not exceeding $1,000. Likewise, if the action is filed as a class action, and the class prevails, the named plaintiff may receive “additional statutory damages of up to $1,000” and all remaining class members may receive “an aggregate award of additional statutory damages up to the lesser of $500,000 or 1 percent of the defendant’s net worth,” but “the aggregate award may not 'provide an individual class member with additional damages in excess of $1,000.” Id. (emphasis added). Therefore, regardless of whether the action is filed on an individual basis or as a class action, the “additional statutory damages” are capped at $1,000.
Further, we disagree with Baldwin’s interpretation of the portion of section 559.77(2) that provides that “[t]he court may award punitive damages and may provide such equitable relief as it deems necessary or proper.” Contrary to Baldwin’s assertion, we conclude that this portion of the statute applies equally to claims brought as class actions or on an individual basis. Therefore, the enforcement of the arbitration clause, including the class action waiver, would not defeat the remedial purpose of the FCCPA. Accordingly, we affirm the order under review.
Affirmed.

.The arbitration clause provides in relevant part as follows:
ARBITRATION CLAUSE PLEASE REVIEW — IMPORTANT—AFFECTS YOUR LEGAL RIGHTS
1. EITHER YOU OR WE MAY CHOOSE TO HAVE ANY DISPUTE BETWEEN U.S. DECIDED BY ARBITRATION AND NOT IN COURT OR BY JURY TRIAL.
2. IF A DISPUTE IS ARBITRATED, YOU WILL GIVE UP YOUR RIGHT TO PARTICIPATE AS A CLASS REPRESENTATIVE OR CLASS MEMBER ON ANY CLASS CLAIM YOU MAY HAVE AGAINST U.S. INCLUDING ANY RIGHT TO CLASS ARBITRATION OR ANY CONSOLIDATION OF INDIVIDUAL ARBITRATIONS.
3. DISCOVERY AND RIGHTS TO APPEAL IN ARBITRATION ARE GENERALLY MORE LIMITED THAN IN A LAWSUIT, AND OTHER RIGHTS THAT YOU AND WE WOULD HAVE IN A COURT MAY NOT BE AVAILABLE IN ARBITRATION.
Any claim or dispute, whether in contract, tort, statute or otherwise ... between you and ... which arise out of or relate to your credit application, purchase or condition of this vehicle, this contract or any resulting transaction or relationship ... shall, at your or our election, be resolved by neutral, binding arbitration and not by a court action. Any claim or dispute is to be arbitrated by a single arbitrator on an individual basis and not as a class action. You expressly waive any right you may have to arbitrate a class action.

. Section 559.72 provides: "In collecting consumer debts, no person shall: ... (16) Mail any communication to a debtor in an envelope or postcard with words typed, written, or printed on the outside of the envelope or postcard calculated to embarrass the debt- or. An example of this would be an envelope addressed to 'Deadbeat, Jane Doe’ or 'Deadbeat, John Doe.’ ”

. In AT & T Mobility LLC v. Concepcion, - U.S. -, -, 131 S.Ct. 1740, 1746, 179 L.Ed.2d 742 (2011), the United States Supreme Court upheld a class action waiver in an arbitration agreement, finding that § 2 of the Federal Arbitration Act preempted a California common law deeming most class action arbitration waivers in consumer contracts unconscionable. However, as noted by the Court, "§ 2's saving clause preserves generally applicable contract defenses.” AT & T, 131 S.Ct. at 1748.

. Appellate courts review an order granting a motion to compel arbitration de novo. Roth v. Cohen, 941 So.2d 496, 499 (Fla. 3d DCA 2006); see also Cruz v. Cingular Wireless, LLC, 648 F.3d 1205, 1210 (11th Cir.2011) (stating that an order compelling arbitration is reviewed de novo).