### Elias ARIANAS, Plaintiff,

v.

### LVNV FUNDING LLC., Defendant.

### Case No. 8:14–cv–01531–T–27–EAJ.

United States District Court,
M.D. Florida,
Tampa Division.

Signed Oct. 10, 2014.

---

Sheri L. Gerwe, Bayway Law, PA, St. Petersburg, FL, for Plaintiff.

Barbara Fernandez, Hinshaw & Culbertson, LLP, Coral Gables, FL, for Defendant.

## ORDER

JAMES D. WHITTEMORE, District Judge.

**BEFORE THE COURT** is Defendant LVNV Funding, LLC's Motion to Dismiss Plaintiff's Complaint (Dkt. 9), and Plaintiff's response (Dkt. 10). Upon consideration, the motion is **GRANTED**.

### BACKGROUND

Plaintiff brought this action alleging violations of the Florida Consumer Collection Practices Act ("FCCPA"), Fla. Stat. § 559.55 *et seq.,* and the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq.,* stemming from a disputed debt and Defendant's reporting that debt to credit reporting agencies (Dkt. 2).

Defendant allegedly acquired Plaintiff's credit accounts from Washington Mutual and GE Money Bank ("GE") on or about September 23, 2011. *Id.* at ¶ 16. Plaintiff allegedly paid off the credit account with Washington Mutual in 2008 and requested Chase Bank, USA ("Chase") to close the account with no balance in September of 2008, after Chase's acquisition of Washington Mutual *Id.* at ¶ 12. Additionally, Plaintiff allegedly paid off his account with GE, a promotional line of credit, in 2008. *Id.* at ¶ 14–15.

Since Defendant acquired the accounts in September of 2011, it furnished negative reports regarding those accounts to consumer credit reporting agencies Experian, Equifax, and TransUnion more than four times in 2013. *Id.* at ¶ 17, 28–29, 32, 35–39. After becoming aware of the negative reports by Defendant, Plaintiff filed disputes with Defendant and the three credit reporting agencies. *Id.* at ¶ 47, 69. Defendant found Plaintiff's disputes unsubstantiated and refused to retract the negative reports. *Id.* at ¶ 59–60.

## STANDARD OF REVIEW

A complaint should contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. Pro. 8(a)(2). This Rule does not require detailed factual allegations, but a plaintiff's complaint must contain more than unadorned or conclusory accusations of harm. *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009). The complaint must "plead all facts establishing an entitlement to relief with more than 'labels and conclusions' or a 'formulaic recitation of the elements of a cause of action.' " *Resnick v. AvMed, Inc.*, 693 F.3d 1317, 1324 (11th Cir.2012) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). "A claim has facial plausibility when the plaintiff pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, at 678, 129 S.Ct. 1937 (citing *Twombly*, 550 U.S. at 556, 127 S.Ct. 1955).

All of the factual allegations in a complaint must be accepted as true for the purposes of a motion to dismiss but this tenet is "inapplicable to legal conclusions." *Id.* at 678, 127 S.Ct. 1955. "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id.* at 679, 127 S.Ct. 1955. All reasonable inferences must be drawn in the plaintiff's favor. *St. George v. Pinellas Cnty.*, 285 F.3d 1334, 1337 (11th Cir.2002).

## DISCUSSION

### A. Florida Consumer Collection Practices Act ("FCCPA")

■ Defendant argues that Plaintiff's request for statutory damages in the amount of $1,000 per violation of the FCCPA must be dismissed because the statutory language of the FCCPA does not permit such an award. The relevant part of the FCCPA states "any person who fails to comply with any provision of § 559.72 is liable for actual damages and for additional statutory damages as the court may allow, but not exceeding $1,000, together with court costs and reasonable attorney's fees incurred by the Plaintiff." Fla. Stat. § 559.77(2) (2014). Defendant interprets this provision as limiting Plaintiff's claim for statutory damages to $1,000 per action, not per violation.

Defendant's interpretation of the FCCPA's statutory damages clause is consistent with interpretations of the FCCPA by Florida courts. Two Florida courts have held that $1,000 is the maximum a plaintiff may be awarded per action. *See Baldwin v. Regions Financial Corp.*, 98 So.3d 1210, 1213 (Fla.Dist.Ct.App.3d 2012) ("the additional statutory damages are capped at $1,000"); *Peters v. Collision Clinics Intern., Inc.*, 404 So.2d 116, 117 (Fla.Dist.Ct.App.4th 1981) (holding that language of FCCPA statute did not permit statutory damages to be awarded per violation and that legislature could have chosen to use such language if it intended to provide that relief).

Further, while the Eleventh Circuit has not expressly addressed this issue, U.S. District Courts in Florida have either expressly stated that the FCCPA limits statutory damages to $1,000 per action or awarded plaintiffs no more than $1,000 per action, even when a series of FCCPA violations exist. *See Tacoronte v. Tate & Kirlin Associates*, No. 6:13–CV–331–Orl–37DAB, 2013 WL 5970720, at *2 (M.D.Fla. Nov. 8, 2013) (holding "courts properly decline to multiply the $1,000 statutory award by each violation alleged in a single count under the FCCPA"); *Smith v. Royal Oak Financial Services, Inc.*, No. 3:11–CV–543–J–34JRK, 2012 WL 3290153, at *5 (M.D.Fla. June 18, 2012) (awarding a

plaintiff $1,000 as the "maximum award of statutory damages" under the FCCPA and Fair Debt Collection Practices Act ("FDCPA")).

Finally, Plaintiff argues if the FCCPA does not permit a statutory award of $1,000 per violation, FDCPA statutory damages should be awarded under the FCCPA provision that states, "In the event of any inconsistency between any provision of this part and any provision of the [FDCPA], the provision which is more protective of the consumer or debtor shall prevail." Fla. Stat. § 559.552 (2014). Plaintiff's interpretation is unpersuasive, as "the FDCPA clearly states that additional damages 'in the case of any action by an individual' [shall not exceed] $1,000." *Harper v. Better Business Services, Inc.*, 961 F.2d 1561 (11th Cir.1992) (quoting 15 U.S.C. § 1692k(a)(2)(A)).

Neither the FCCPA nor the FDCPA permits Plaintiff to recover statutory damages in the amount of $ 1,000 per violation.

Defendant's Motion to Dismiss is therefore granted to the extent that each claim is limited to $1,000 in statutory damages under the FCCPA.

## B. *Fair Credit Reporting Act ("FCRA")*

Defendant argues that Count II, the FCRA claim, must be dismissed because Plaintiff "fails to assert which section of the FCRA Defendant allegedly violated" and because Plaintiff failed to allege a private right of action under 15 U.S.C. § 1681s–2. Further, Defendant argues that Plaintiff's request for statutory damages in the amount of $1,000.00 per violation of the FCRA must be dismissed because the statutory language of the FCRA does not permit such an award. Defendant's argument that Plaintiff failed to allege a private right of action under the FCRA is correct. The other arguments therefore need not be addressed.

Plaintiff's FCRA claims are derived from 15 U.S.C. §§ 1681s–2(a)–(b). The Eleventh Circuit explained in *Green v. RBS Nat'l Bank*, 288 Fed.Appx. 641, 642 (11th Cir.2008), "[Section] 1681s–2(a) requires furnishers to submit accurate information to [credit reporting agencies]." However, 15 U.S.C. § 1681s–2(c), (d) prohibits a private right of action for a citizen to redress a violation of § 1681s–2(a). *Id.* Thus, Plaintiff's claims under § 1681s–2(a) must be dismissed.

The FCRA provides a private right of action under § 1681s–2(b), which "requires furnishers to investigate and respond promptly to notices of consumer disputes." *Id.* In order to assert this private right of action, the furnisher must receive notice of the consumer's dispute from a consumer reporting agency. *Id.* While Plaintiff alleges in the complaint that he filed disputes with three credit reporting agencies and Defendant directly, Plaintiff fails to allege that Defendant received notice of the dispute from a consumer reporting agency, as required by § 1681s–2(b).(Dkt. 2 at ¶ 69).

Plaintiff argues that § 1681s–2(b) only requires disputes be reported directly from the consumer. To the contrary, Section 1681s–2(b) expressly requires notice to a furnisher, such as Defendant, pursuant to 15 U.S.C. § 1681i(a)(2). Section 1681i(a)(2) expressly requires notice of a dispute by consumer reporting agencies to a furnisher. 15 U.S.C. § 1681(i)(a)(2) (2012). Plaintiff's claims under § 1681s–2(b) must therefore be dismissed.

## CONCLUSION

Accordingly, Defendant's Motion to Dismiss is **GRANTED**. Plaintiff's FCCPA claim (Count I) is limited to a maximum $1,000 statutory award, and the FCRA claim (Count II) is **DISMISSED without**

**prejudice.** Plaintiff is granted fourteen (14) days to amend Count II.