Elias **ARIANAS**, Plaintiff,

v.

**LVNV FUNDING LLC.,** Defendant.

**Case No. 8:14–cv–01531–T–27EAJ.**

United States District Court, M.D. Florida, Tampa Division.

Signed June 25, 2015.

Filed June 26, 2015.

Sheri L. Gerwe, Bayway Law, PA, St. Petersburg, FL, for Plaintiff.

Barbara Fernandez, West Allan Holden, Hinshaw & Culbertson, LLP, Coral Gables, FL, for Defendant.

## *ORDER*

JAMES D. WHITTEMORE, District Judge.

**BEFORE THE COURT** are Plaintiff's Amended Motion for Leave to Amend the Amended Complaint (Dkts. 57.58, 66)[1] and

Plaintiff's Amended Motion for a Continuance of Discovery Pursuant to Rule 56(d) and Motion for Extension of Time to Respond to Defendant's Motion for Final Summary Judgment (Dkts. 59.60, 72, 73). Defendant opposes the motions (Dkts. 61, 70, 76, 74).

Plaintiff seeks leave to amend to add Resurgent Capital Services, L.P. and Alegis Group, LLC as Defendants, to add claims for punitive damages, and a claim under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 *et seq.* Plaintiff also seeks an extension of the discovery deadline and to engage in additional discovery to oppose Defendant's motion for summary judgment. Upon consideration, the motions are **DENIED,** except that Plaintiff will be granted leave to add claims for punitive damages.

### *Standard*

Rule 15 scheduling orders "control the subsequent course of the action unless modified by a subsequent order," Fed.R.Civ.P. 16(e), and may be modified only "upon a showing of good cause." Fed.R.Civ.P. 16(b); *see Sosa v. Airprint Sys., Inc.,* 133 F.3d 1417, 1419(11th Cir.1998). When a motion for leave to amend is filed after the scheduling order's deadline, a two-step analysis is appropriate. *Sosa,* 133 F.3d at 1419. First, the movant must demonstrate "good cause" under Rule 16(b). Good cause exists when the deadline could not "be met despite the diligence of the party seeking the extension." *Id.; see* Fed.R.Civ.P. 16 *adv. comm. notes.*

In *Sosa,* three factors were considered in assessing diligence: (1) whether the plaintiff failed to ascertain facts prior to filing the complaint or failed to acquire information during the discovery period,[2] (2) whether the

---

1. Plaintiff has filed the same motion multiple times, wasting judicial and private resources. *See* Dkts. 57, 58, 66; Dkts. 59, 60, 72, 73; Dkts. 44, 45; Dkts. 46, 47. Plaintiff's counsel is directed to review the CM/ECF Administrative Procedures and Order, available on the U.S. District Court for the Middle District of Florida's website, *and to terminate motions superseded by the fil-* ing of an amended motion.

2. The Eleventh Circuit found this factor evidenced a lack of diligence:

[D]espite Sosa's counsel's asserted familiarity and experience with the employee numerosity requirement under the ADEA and FCRA, counsel failed to ascertain the number of Airprint's employees before filing suit and took no steps to acquire this information early in the discovery period. Even in the face of Airprint's assertion in its answer that it "no longer has any employees," counsel waited some four months before propounding written discovery and took no oral depositions until nearly three months after the deadline for amending the complaint.

information supporting the proposed amendment was available to the plaintiff,[3] and (3) whether, even after acquiring the information, the plaintiff delayed in requesting leave to amend.[4] *Lord v. Fairway Elec. Corp.*, 223 F.Supp.2d 1270, 1277 (M.D.Fla.2002); *see Sosa*, 133 F.3d at 1419. Further, Local Rule 3.05(c)(2)(E) "distinctly disfavor[s]" motions to amend pleadings filed after the entry of the Case Management and Scheduling Order.

If the movant demonstrates "good cause," the Rule 15(a) standard is applied. *Sosa*, 133 F.3d at 1419. Rule 15(a) requires that leave to amend "be freely given when justice so requires." *Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962); *see* Fed.R.Civ.P. 15(a)(2) (same). "If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claims on the merits." *Id.* Leave may be denied, however, where the proposed amendment would be futile. *Id.*

Rule 56(d) permits the court to defer ruling on a motion for summary judgment, allow time for discovery, or issue any other appropriate order if the nonmovant "present[s] specific facts explaining the inability to make a substantive response." *Virgilio v. Ryland Grp., Inc.*, 680 F.3d 1329, 1338 (11th Cir. 2012) (quoting *SEC v. Spence & Green Chem. Co.*, 612 F.2d 896, 901 (5th Cir.1980)). A Rule 56(d) motion "must be supported by an affidavit which sets forth with particularity the facts the moving party expects to discover and how those facts would create a genuine issue of material fact precluding summary judgment." *Harbert Int'l, Inc. v. James*, 157 F.3d 1271, 1280 (11th Cir.1998).

### Discussion

This case was originally filed in state court and removed to federal court on June 25, 2014. The Case Management Report and Case Management and Scheduling Order in this case set an October 27, 2014 deadline for moving to add parties, a discovery deadline of April 24, 2015, and a deadline to amend the pleadings of March 22, 2015 (which, viewed in the light most favorable to Plaintiff, was moved to May 4, 2015). (*See* Dkt. 17 (deadline to join parties 120 days prior to discovery); (Dkt. 21) (deadline to amend pleadings 10 days after close of discovery on March 12, 2015); (Dkt. 31) (extending close of discovery to April 24, 2015)). Plaintiff's motions were filed after these deadlines.[5] Accordingly, Plaintiff must satisfy the good cause requirement of Rule 16.

### Additional Parties

■ The first *Sosa* factor is whether the party seeking to amend ascertained facts prior to filing the complaint or early in discovery. It is apparent that Plaintiff failed to ascertain or appreciate the involvement of Resurgent and Alegis in a diligent fashion.

---

*Sosa*, 133 F.3d at 1419 (citations to record omitted).

**3.** The Eleventh Circuit also found this factor evidenced a lack of diligence:

Second, the information supporting the proposed amendment to the complaint was available to Sosa even before she filed suit. Sosa's affidavit, filed with the district court in conjunction with her motion for leave to amend, indicates that she had been aware of the existence of Viking Industries since she began working for Airprint. Also, most of the evidence cited by counsel in support of the motion—*e.g.*, that Airprint and Viking Industries had a common principal address. CEO, President, Secretary, and Treasurer-was public information ... and was readily accessible to Sosa prior to initiating her action against Airprint.

*Sosa*, 133 F.3d at 1419.

**4.** This factor also weighed against finding good cause in *Sosa:*

Third, Airprint informed Sosa via interrogatory responses that it had not employed more than 20 employees during the relevant time period and that it was not an employer within the meaning of the ADEA or the FCRA. Despite receiving this information two weeks prior to the deadline for amending her complaint. Sosa waited approximately six months before taking steps to preserve her ability to assert a viable theory of subject matter jurisdiction. *Sosa*, 133 F.3d at 1419.

**5.** On May 15, 2015, Plaintiff first sought leave to add Resurgent as a Defendant and a prayer for punitive damages for his Florida Consumer Collection Practices Act and Fair Credit Reporting Act claims. Five days after LVNV moved for summary judgment, Plaintiff moved to extend discovery under Rule 56(d). On June 2, 2015, Plaintiff revised his motion and moved to add Alegis as a Defendant, and TCPA claim.

The documents attached to Plaintiff's original complaint include letters from Resurgent to Plaintiff from, and Plaintiff alleged that Resurgent was LVNV's agent(Dkt. 2–1 at 14–16; Dkt. 2–2 at 4–6): (Dkt. 2 ¶¶ 16, 48, 59). Plaintiff was therefore on notice of Resurgent's involvement before the case was filed.

As for Alegis, Plaintiff now asserts it is the general partner of both Resurgent and Defendant LVNV (Dkt. 67 ¶¶ 7–8, 114–123). However, Plaintiff did nothing to ascertain LVNV's corporate structure before filing the complaint or early in discovery, likewise indicative of a lack of diligence. *See Romero v. Drummond Co.*, 552 F.3d 1303, 1319 (11th Cir.2008) ("To establish good cause, the party seeking the extension must have been diligent.")

The second *Sosa* factor is whether the information supporting the proposed amendments was available to Plaintiff. As noted, Plaintiff was aware of Resurgent's involvement before filing this action, Resurgent could have been named as a defendant then, or shortly thereafter. As Alegis' relationship with LVNV and Resurgent, corporate status is a matter of public record, and this information was available to a diligent litigant. *See Sosa*, 133 F.3d at 1419 (second factor weighs against leave to amend when "information supporting the proposed amendment . . . was available to [plaintiff] even before she filed suit.")

Nor docs the third *Sosa* factor, whether there was delay after obtaining the information, support the requested relief. Before filing suit, Plaintiff knew that Resurgent sent many of the letters relevant to his claims, but failed to seek leave to add Resurgent until after the close of discovery. And Plaintiff did not move to join Alegis until June 5, after discovery closed and after LVNV moved for summary judgment. Plaintiff does not explain how and when it eventually became aware of Alegis's involvement. Because Plaintiff fails to demonstrate good cause, leave to amend to add Resurgent and Alegis will be denied.

### TCPA Claim

■ The TCPA makes it unlawful to use an autodialer to call a cellular telephone, subject to certain exceptions. *See* 47 U.S.C. § 227(b)(1)(A)(iii). The first *Sosa* factor is whether Plaintiff failed to ascertain facts before filing suit or early in discovery. Plaintiff was in the best position to determine whether he had a viable TCPA claim. Accordingly, this factor weighs against leave to amend. *See Lord*, 223 F.Supp.2d at 1277 ("serious lack of diligence on the part of Plaintiff . . . ends the good cause inquiry.").

Plaintiff contends he was unaware that he was called by an autodialer until LVNV's Rule 30(b)(6) deposition on May 8, 2015. However, LVNV's corporate representative did not testify that an autodialer was used. (*See* Dkt. 65–10 (207–210)). Plaintiff references a document apparently produced in discovery that allegedly referenced an autodialer. (*See id.*) If anything, this suggests that the information underlying the TCPA claim was available through discovery and before the LVNV deposition. This factor docs not support leave to amend.

For similar reasons, the third factor supports denial of leave to amend. Plaintiff was aware of the document allegedly referencing an autodialer before the May 8 deposition, yet did not move to amend until June 2, after the deadline to do so, after discovery closed, and after Defendant moved for summary judgment. Plaintiff's "lack of diligence . . . doom[s his] request for leave to amend." *Saewitz v. Lexington Ins. Co.*, 133 Fed.Appx. 695, 700 (11th Cir.2005).

### Punitive Damages—FCRA

Punitive damages are available for "willful" violations of the FCRA. 15 U.S.C. § 1681n(a)(2); *Harris v. Mexican Specialty Foods, Inc.*, 564 F.3d 1301, 1306 (11th Cir. 2009). The FCRA includes a private right of action against furnishers of information to consumer reporting agencies, as LVNV is alleged to be, which fail to promptly investigate and respond to notices of disputes from consumer reporting agencies. 15 U.S.C. § 1681s–2(b); *Green v. RBS Nat'l Bank*, 288 Fed.Appx. 641, 642 (11th Cir.2008). And Plaintiff alleged in his original complaint that LVNV acted "willfully" in failing to investigate and respond to notices of disputes (Dkt. 2 ¶¶ 2, 99; *see id.* ¶¶ 62, 69, 98).

Plaintiff argues he recently discovered that LVNV lacks written procedures on the erroneous handling of disputes received from credit reporting agencies.[6] Leave to amend to add punitive damages for the FCRA claim will therefore be granted, as the *Sosa* factors support leave to amend to add a punitive damages claim based on the FCRA.

### Punitive Damages—FCCPA

Plaintiff also moves to add a claim for punitive damages under the FCCPA. As noted, Plaintiff contends he recently learned that LVNV lacks written policies and procedures regarding erroneous debt collection, erroneous furnishing of information to credit reporting agencies, and erroneous handling of disputes received from credit reporting agencies. Plaintiff also alleges LVNV did not have enough information to know if Plaintiff opened or paid off the credit accounts in question. Application of the *Sosa* factors poses a close question, but the Court will grant leave to amend. While Plaintiff perhaps could have ascertained some of these facts earlier in discovery, information regarding LVNV's procedures was in LVNV's possession, and Plaintiff contends LVNV did not produce or confirm the relevant information until the 30(b)(6) deposition on May 8, 2015. (Dkt. 66).

■ Defendant makes a compelling argument that an amendment to add punitive damages would be futile. *See Foman,* 371 U.S. at 182, 83 S.Ct. 227 (leave to amend may be denied for "futility of amendment"). To receive punitive damages on a FCCPA claim, the plaintiff must prove defendant acted with "malicious intent." *Tallahassee Title Co. v. Dean,* 411 So.2d 204, 205 (Fla. 1st DCA 1982) (quoting *Story v. J.M. Fields. Inc.,* 343 So.2d 675, 677 (Fla. 1st DCA 1977) (further citation omitted)). Malicious intent requires "evidence [of] a purpose to inflict insult and injury, or [acts which] are wholly without excuse." *Simmons v. Washington Mut. Fin., Inc.,* No. 8:06–cv–01613–T–27TBM, 2007 WL 641101, at *2 (M.D.Fla. Feb. 26, 2007) (Whittemore, J.) (quoting *Story,* 343

So.2d at 677 and citing *Chrysler Corp. v. Wolmer,* 499 So.2d 823, 825 (Fla.1986) (punitive damages "are warranted only where the egregious wrongdoing of the defendant ... constitutes a public wrong")); *Crespo v. Brachfeld Law Grp.,* No. 11–60569–CIV, 2011 WL 4527804, at *6 (S.D.Fla. Sept. 28, 2011) (striking punitive damages claim in FCCPA case where plaintiff alleged defendant impersonated attorneys); *Simmons,* 2007 WL 641101, at *2.

■ Notwithstanding, Plaintiff's contention that LVNV lacked written procedures regarding the handling of erroneous debt collection and credit furnishing processes and did not know whether Plaintiff had opened or paid off the credit accounts may be sufficient, depending on how the evidence is developed, to support a finding of malicious intent. And Plaintiff alleged that Defendant acted wilfully and maliciously in his original complaint (Dkt. 2, ¶ 2). Plaintiff will therefore be granted leave to add a claim for punitive damages under the FCCPA.

### Rule 56(d) Motion

Plaintiff's motion to extend discovery fails for three reasons. First, Plaintiff's Rule 56(d) affidavit is insufficient to support the extension. The affidavit simply avers that Plaintiff seeks further discovery on third parties who acted for LVNV and LVNV's failure to investigate Plaintiff's disputes of the debts (Dkt. 73–2). These "vague assertions" in support of additional discovery do not "specifically demonstrate how the postponement ... will enable him ... to rebut the movant's showing of the absence of a genuine issue of fact." *Reflectone, Inc. v. Farrand Optical Co., Inc.,* 862 F.2d 841, 843 (11th Cir.1989) (internal citations omitted). The failure to adequately support the Rule 56(d) motion is a sufficient and independent basis to deny the motion.

Second, Plaintiff fails to demonstrate good cause to extend discovery after the deadline has passed. The *Sosa* factors on good cause

---

6. Plaintiff's other recently discovered evidence is not relevant to the FCRA, which permits a private right of action against a furnisher only in the context of investigating and responding to

notices of disputes from consumer reporting agencies. (*See* Dkt. 24 at 4–5 (dismissing with prejudice FCRA claim as it relates to other activities)).

**620**

apply. *See FTC v. Lalonde*, 545 Fed.Appx. 825, 835 (11th Cir.2013). Plaintiff had more than six months to complete discovery. Plaintiff therefore cannot show good cause. *See Sosa*, 133 F.3d at 1419.

Finally, Plaintiff's proffered reasons to extend discovery are not sufficient to overturn the scheduling order and disrupt the ordinary progression of this case.[7] As explained, Plaintiff's failure to investigate Resurgent's involvement was a product of lack of diligence, since he was aware of Resurgent even before filing the complaint. *See supra* at p. 618. And regarding Plaintiff's intent to investigate powers of attorney LVNV has granted to third parties, Plaintiff does nothing to connect speculative actions of third parties to facts that would prevent summary judgment in favor of LVNV, the only subject of Defendant's motion. (*See* Dkt. 55). Similarly, Plaintiffs arguments about the chain of ownership of his accounts, the handling of the disputes he lodged with the consumer reporting agencies, LVNV's business records, and accounts with Navy Federal Credit Union are too vague and speculative to support a Rule 56(d) motion. *See Reflectone*, 862 F.2d at 843 ("vague assertions" do not satisfy Rule 56(d)).

In sum, Plaintiff has waited too late to add parties, a new cause of action, and to extend discovery. A lack of diligence compels a finding that Plaintiff has not demonstrated good cause for the relief he seeks. Accordingly, Plaintiff's Amended Motion for Leave to Amend the Amended Complaint (Dkts. 57, 58, 66) is **DENIED** *except that* Plaintiff is granted leave to plead claims fro punitive damages, as discussed. Plaintiff's Amended Motion for a Continuance of Discovery Pursuant to Rule 56(d) and Motion for Extension of Time to Respond to Defendant's Motion for Final Summary Judgment (Dkts. 59, 60, 72, 73) are **DENIED**. Plaintiff shall respond

to Defendant's Motion for Final Summary Judgment within fourteen (14) days of this Order.[8]

---

7. To the extent Plaintiff seeks a deferred ruling on Defendant's motion for summary judgment until the LVNV deposition transcript was prepared, the request is denied as moot, as excerpts from the transcript have now been filed by Plaintiff. (*See* Dkt. 65).

8. Plaintiff's counsel has filed a "Notice of Unavailability" which asks that "nothing be scheduled, and that nothing be filed which require a

response from plaintiff" from June 11, 2015 (dkt. 69). The Court lacks the capacity to "accomodat[e] the self-directed schedule of each of the hundreds of attorneys" appearing before it. *Ramsey v. John Christner Trucking, LLC*, No. 8:14–cv–1087–T–23AEP, Dkt. 7 (M.D.Fla. May 30, 2014). If Plaintiff's counsel requires additional time, counsel must move for an enlargement of time.